# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

―――――――――

m 97-60361

―――――――――

MICHEL YOUSSEF AYOUB,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

―――――――――――

Petition for Review of an Order of
the Board of Immigration Appeals

―――――――――――

August 25, 2000

Before SMITH and DENNIS, Circuit
Judges, and ROETTGER,* District Judge.

PER CURIAM:

Michel Ayoub, a citizen of Lebanon, had
overstayed his visa to live in the United States

―――――――――――

* District Judge of the Southern District of Florida, sitting by designation.

by more than ten years while he filed various papers delaying his deportation. He makes one more such attempt, arguing that the Board of Immigration Appeals ("BIA") erred in concluding that the issuance of an order to show cause tolled the period for calculating his continuous physical presence. He contends that, under § 309(c)(5)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), the tolling provision in INA § 240A(d)(1) applies only if

the alien is requesting cancellation of removal. Inasmuch as he is seeking suspension of deportation, Ayoub argues, the issuance of an order to show cause did not interrupt his physical presence in this country.

We have recently explained, in *dictum*, as follows:

> Initially, § 304(a)'s use of the term "notice to appear" created potential confusion, because it was uncertain whether this stop-time provision also applied to orders to show cause. But the BIA interpreted the new phrase to include pre-IIRIRA show-cause orders, and, in 1997, Congress eliminated any remaining confusion: It enacted the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), which included a clarifying amendment to the IIRIRA's stop-time rule, replacing "notices to appear" with "orders to show cause." See NACARA § 203(a), Pub. L. No. 105-100, 111 Stat. 2160, 2196.

*Gonzalez-Torres v. INS*, 213 F.3d 899, 902 (5th Cir. 2000). This statement conforms to the understanding of other circuits and reflects the BIA's interpretation.[1]

*Dictum* can be persuasive authority. *See Society of Separationists, Inc. v. Herman*, 939 F.2d 1207, 1211 (5th Cir. 1991). This dictum, bolstered by other circuits and but nominally challenged by the rather perfunctory appeal submitted in this instance, persuades us and conclusively answers the only question raised by this petition for review.

The petition for review is DENIED, and the order of the BIA is AFFIRMED.

---

[1] *See Appiah v. INS*, 202 F.3d 704, 708-09 (4th Cir. 2000), *petition for cert. filed* (June 15, 2000) (No. 99-10039); *Tefel v. Reno*, 180 F.3d 1286, 1293 (11th Cir. 1999), *cert. denied*, 120 S. Ct. 2657 (2000); *In re Nolasco-Tofino*, Int. Dec. 3385 (BIA 1999).