IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60364
Summary Calendar
_____

SHAIKH MOHAMMAD MOHSIN,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 491 421

_____

October 26, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Shaikh Mohammad Mohsin has filed a petition for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal of the denial of his application for suspension of deportation. Mohsin argues that the BIA erred in determining that he was not entitled to suspension of deportation because he had been served with an order to show cause prior to acquiring seven years of physical presence in the United States. Specifically, Mohsin

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that: (1) under the stop-time rule of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), as amended by the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), the service of an order to show cause does not break physical presence in a suspension of deportation case and (2) the application of the stop-time rule violates his constitutional rights to procedural due process and equal protection of the laws. See IIRIRA § 309(c)(5)(a); NACARA § 203(a)(1).

This court reviews the BIA's legal determinations de novo. See Carbajal-Gonzalez v. INS, 78 F.3d 194, 197 (5th Cir. 1996). Mohsin's first argument was rejected in Ayoub v. INS, 222 F.3d 214, 215 (5th Cir. 2000), which held that the issuance of a show cause order tolls the physical presence period in a suspension of deportation case. Mohsin's due process argument was likewise foreclosed by Gonzalez-Torres v. INS, 213 F.3d 899, 903 (5th Cir. 2000), in which this court "joined [its] sister courts in holding that the application of the IIRIRA's stop-time provision to deportation proceedings pending at the time of the statute's enactment does not violate aliens' due process rights." See Appiah v. INS, 202 F.3d 704, 708-10 (4th Cir. 2000); Tefel v. Reno, 180 F.3d 1286, 1301-02 (11th Cir. 1999).

Mohsin's equal protection argument is also without merit. Although the Gonzalez-Torres court did not explicitly reject equal

2

protection challenges to the stop-time rule, it approved of the "cogent analyses" in two extra-circuit decisions that did reject such challenges. See 213 F.3d at 903; Appiah, 202 F.3d at 709-10; Tefel, 180 F.3d at 1298. Moreover, the Gonzalez-Torres court acknowledged that there is a rational basis for the stop-time rule, in that Congress' purpose was to remove an alien's incentive for prolonging deportation proceedings in order to become eligible for suspension of deportation. 213 F.3d at 903. This "facially legitimate and bona fide reason" suffices to demonstrate the lack of merit in Mohsin's equal protection claim, given "the need for special judicial deference to congressional policy choices in the immigration context." See Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 308-09 (5th Cir. 1999) (internal quotation marks and citation omitted).

Mohsin's petition for review is DENIED.