# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1131

_____

Govindbhai M. Patel,                        *
                                            *
                    Petitioner,             *
                                            *
          v.                                *
                                            *   On Petition for Review from
Immigration and Naturalization              *   Immigration and Naturalization
Service; Michael Heston, District           *   Service.
Director of the United States               *
Immigration and Naturalization              *        [UNPUBLISHED]
Service; Janet Reno, Attorney               *
General of the United States,               *
                                            *
                    Respondents.            *

_____

Submitted:  November 15, 2000

Filed:  November 22, 2000

_____

Before BOWMAN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Govindbhai M. Patel, a citizen of India, entered the United States on September 9, 1989, as a nonimmigrant visitor for pleasure. Although he was authorized to remain in the United States only until March 7, 1990, Patel did not leave. Seven months later, on April 6, 1990, the Immigration and Naturalization Service (INS) issued Patel an

order to show cause charging him with deportability. Seeking to extend his stay, Patel applied for asylum, and an immigration judge denied Patel's application in December 1992. While Patel's appeal was pending, he obtained a work visa by providing false information to the INS. Patel then filed a motion to remand with the Board of Immigration Appeals (BIA) seeking to adjust his status on the basis of his work visa. In reviewing his file, the INS found many discrepancies and concluded Patel had submitted false information.

After accruing seven years of continuous physical presence in the United States, Patel filed a motion to reopen with the BIA seeking suspension of deportation under 8 U.S.C. § 1254(a)(1) (1994), which gives the Attorney General discretion to suspend deportation of an alien who

> has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship.

On September 30, 1996, Congress repealed this provision, replaced it with more limited discretionary relief, and enacted a "stop-time" rule providing that any period of physical presence shall be deemed to end when the alien is served an order to show cause. See 8 U.S.C. § 1229b (d)(1) (Supp. III 1997). Congress also provided the stop-time rule applies to orders to show cause issued before the rule's enactment. See id. § 1101 note; Afolayan v. I.N.S., 219 F.3d 784, 788 (8th Cir. 2000). We recently held the stop-time rule applies in suspension of deportation proceedings when an order to show cause was issued before the rule was enacted. See Afolayan, 219 F.3d at 788; Tang v. I.N.S., 223 F.3d 713, 719 (8th Cir. 2000).

The Board denied Patel's appeals and dismissed his motions because Patel had not acquired seven years of continuous physical presence before the issuance of the order to show cause, and because Patel could not establish he was a person of good

moral character given his false testimony during his asylum hearing and fraudulent application for a work visa. Patel now seeks review of the order denying suspension of deportation under § 1254(a)(1).

Patel argues he qualifies for suspension of deportation because he showed more than seven years' continuous physical presence, good moral character, and extreme hardship. According to Patel, even if the stop-time rule applies to him, he accumulated seven years of physical presence after issuance of the order to show cause. Patel also argues retroactive application of the stop-time rule to him violates his Fifth Amendment right to due process. Patel's arguments involving physical presence and the stop-time rule are foreclosed by our recent decisions in Afolayan, 219 F.3d at 788-89, and Tang, 223 F.3d at 719. Accord Angel-Ramos v. Reno, No. 99-3126, 2000 WL 1346860, at *4-5 (7th Cir. Sept. 29, 2000); Ayoub v. I.N.S., 222 F.3d 214, 215 (5th Cir. 2000) (per curiam); Rivera-Jimenez v. I.N.S., 214 F.3d 1213, 1217 (10th Cir. 2000) (per curiam); Appiah v. I.N.S., 202 F.3d 704, 708-09 (4th Cir.), cert. denied, 2000 WL 840068 (U.S. Oct. 2, 2000) (No. 99-10039); Tefel v. Reno, 180 F.3d 1286, 1293, 1299-1302 (11th Cir. 1999), cert. denied, 120 S. Ct. 2657 (2000). Regardless of the stop-time rule's application, Patel's false testimony before the INS in 1992 precludes him from showing good moral character necessary to qualify for suspension of deportation. See 8 U.S.C. § 1105a(f)(6) (person who gives false testimony to obtain benefits under immigration law is not of good moral character).

Because Patel lacks the seven years of physical presence and the good moral character needed to qualify for suspension of deportation, we deny Patel's petition for review, and affirm the BIA's decision.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.