IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60467
Summary Calendar
_____

FARHAD KAVIANI,

                                              Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                              Respondent.

--------------------
Petition for Review of an Order
of the Board of Immigration of Appeals
BIA No. A27 898 036
--------------------
June 14, 2001

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

        Farhad Kaviani petitions for review of the order of the Bureau
of Immigration Appeals (BIA) denying his motion to reopen his
deportation proceedings to apply for the suspension of deportation.
Kaviani contends that the BIA erred by determining that he is not
statutorily eligible for the relief of suspension of deportation
because an Order to Show Cause why he should not be deported was
issued to him in 1988.  He argues that an order to show cause
issued prior to June 13, 1992, did not toll the period of
continuous physical presence in the United States.

---

        [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Kaviani's argument is foreclosed by the holding in Ayoub v. INS, 222 F.3d 214, 215 (2000) that the issuance of a show-cause order prior to the enactment of IIRIRA tolls the period of an alien's continuous presence in the United States.

Kaviani also argues that IIRIRA and NACARA are unconstitutional provisions because they deprive him of equal protection and due process. He argues that similarly situated persons are treated differently based on the time that they received an order to show cause and their national origins.

With respect to a denial of equal protection based on different treatment of different nationalities, this argument is foreclosed by Rodriquez-Silva v. INS, 242 F.3d 243 (5th Cir. 2001). In Rodriquez, the court determined that Congress was not required to make a showing of a rational basis for the nationality-sensitive provisions because its regulatory power in the area of immigration is plenary. Id. at 248.

Kaviani's argument that applicants for suspension of deportation are treated differently depending upon the time the applicant is served with a notice to appear for removal proceedings is also without merit. Similarly situated persons are treated in the same manner because the stop-time rule is applied to all illegal aliens who receive a notice to appear for removal proceedings, whether the applicant was served with the notice prior to or after IIRIRA instituted the "stop-time" rule. See id. at 245.

PETITION DENIED.