United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40434
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO RANGEL-ORDUNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1513-ALL
--------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerardo Rangel-Orduna ("Rangel") pleaded guilty to being found in the United States after deportation following his conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Rangel to 37 months' imprisonment and three years' supervised release.

Rangel argues, for the first time on appeal, that the sentencing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2000). He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

Rangel also argues that a conflict exists between the district court's oral pronouncement of sentence and the written judgment; the written judgment contains a condition of supervised release prohibiting the possession of a dangerous weapon, which the court did not mention at sentencing. For the reasons set forth in United States v. Torres-Aquilar, 352 F.3d 934, 937-38 (5th Cir. 2003), we conclude that the district court's omission of the dangerous-weapon prohibition during its oral pronouncement of sentence did not create a conflict with the sentence set forth in the written judgment.

AFFIRMED.