United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————

No. 03-40665

————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO GILBERTO AGUILAR-CORTEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
USDC No. B-02-CR-747-1

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

On a previous appeal, we affirmed Alfredo Gilberto Aguilar-Cortez's ("Aguilar-Cortez")

sentence following his guilty plea conviction for transporting an undocumented alien within the United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

States. *United States v. Aguilar-Cortez*, 87 Fed.Appx. 937 (5th Cir. 2004) (unpublished). He sought‍) ) and the Supreme Court granted) ) a writ of certiorari. *Newsome v. United States*, 125 S.Ct. 1112 (2005). The Supreme Court vacated the judgment and remanded the case for further consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005).

The government argues on remand that Aguilar-Cortez's appeal is moot because he was recently released from custody of the Bureau of Prisons and is currently serving his term of supervised release. The requirement that an actual controversy still exists is met since Aguilar-Cortez is subject to supervised release as part of his total sentence. *See United States v. Gonzalez*, 250 F.3d 923, 928 (5th Cir. 2001) ("Supervised release, while a form of post-imprisonment supervision, is still considered to be a component of the defendant's total sentence.").

Turning to the merits, Aguilar-Cortez did not raise an objection to the constitutionality of his sentence in the district court, therefore, this court reviews the issue for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). Under plain error, this court may only correct a defendant's sentence if there is an: (1) error; (2) that is plain; (3) that affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Cotton*, 535 U.S. 625, 631 (2002); *see* FED. R. CRIM. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). To show reversible plain error under *Booker*, the petitioner must "demonstrate[] that the sentencing judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." *Mares*, 402 F.3d at 521. "[I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side is helped, the defendant loses." *Id.*

2

Aguilar-Cortez first argues that the district court's application of the Guidelines as mandatory is "structural error." This court has rejected such an argument. *United States v. Martinez-Lugo*, 411 F.3d 597, 601 (5th Cir. 2005) (rejecting claim that *Booker* error is structural). Aguilar-Cortez also contends that since he "received a sentence at the bottom of the applicable Guideline imprisonment range . . . it is at least reasonably probable that the district court would have believed that an eighteen-month prison sentence and three year supervised release sentence was 'greater than necessary' to achieve the purposes of sentencing . . . and would have imposed a lower sentence if freed of the constraints of the Sentencing Guidelines." This is not sufficient to overcome defendant's heavy burden. The fact that the district court imposed the minimum sentence, standing alone, is no indication that the court would have reached a different conclusion under an advisory scheme. *See United States v. Bringier*, 405 F.3d 310, 317 n.4 (5th Cir. 2005). Aguilar-Cortez fails to demonstrate that the district court would have imposed a lesser sentence had the Guidelines been advisory rather than mandatory.

Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming the defendant's conviction and sentence.