United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-50198
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL J. KEARNS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-95-CR-201-2
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Michael J. Kearns appeals the revocation of his supervised

release and the sentence imposed following revocation. He argues

that the sentence imposed was plainly unreasonable and that the

district court did not consider the sentencing factors in

18 U.S.C. § 3553(a). Given that Kearns continued to violate the

terms of his supervised release despite the district court's

leniency and warnings and that the sentence imposed was within

the three to nine months applicable guideline range for each of

his violations of supervised release, Kearns has not shown that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentence imposed by the district court was unreasonable or plainly unreasonable.  See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).  The record indicates that the district court implicitly considered the § 3553(a) factors when it imposed Kearns's sentence, including the nature and circumstances of Kearns's violations of his supervised release; Kearns's history and characteristics; and the need for a lengthy sentence to deter Kearns's continued violations of supervised release.  See United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001).

Kearns argues that the district court failed to honor or wrongly punished him for obtaining a state court order that purported to discharge his obligation to pay the restitution ordered by the district court and that the district court made false statements that it would impose a lengthy sentence in order to make him repudiate the state court order.  Kearns has not shown that the district court erred in determining that the state court order was void for lack of jurisdiction and was not entitled to full faith and credit in the district court.  See Tennessee ex rel. Sizemore v. Surety Bank, 200 F.3d 373, 377 (5th Cir. 2000).  The district court did not err in finding that Kearns's issuance of the worthless promissory note and obtaining the state court order were part of a pattern of bad faith and continued refusal to comply with the terms of his supervised

release.  See United States v. Caldwell, 830 F.2d 36, 39-40 (5th Cir. 1987).

Kearns argues that the district court erred in denying his "motion for closure," which was based on the International Covenant on Civil and Political Rights.  The district court did not err in denying this motion as the international covenant did not create individually enforceable rights.  See United States v. Wesson, 305 F.3d 343, 348 (5th Cir. 2002).

Kearns argues that there was an enforceable agreement between him, the Government, and the district court that precluded the revocation of his supervised release.  The record does not support this argument.  The district court did not err in revoking Kearns's supervised release due to his continued violations of his supervised release.  See Gonzalez, 250 F.3d at 930.

The district court's judgment is AFFIRMED.  Kearns's motions for extraordinary relief, for judicial notice, for dismissal of the appeal are DENIED.  His motion to waive the requirement to file record excerpts is DENIED as unnecessary.