REVISED - June 12, 2001

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40572

_____

UNITED STATES OF AMERICA

                          Plaintiff - Appellee

    v.

MODESTO GONZALEZ

                          Defendant - Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

May 3, 2001

Before KING, Chief Judge, and ALDISERT[*] and BENAVIDES, Circuit
Judges.

KING, Chief Judge:

    Defendant-Appellant Modesto Gonzalez appeals from the
district court's imposition of three consecutive terms of
imprisonment following the revocation of his concurrent terms of
supervised release.  For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

_____

    [*]   Circuit Judge of the Third Circuit, sitting by
designation.

On November 21, 1997, pursuant to a plea agreement, Defendant-Appellant Modesto Gonzalez pleaded guilty to three counts of impersonating an officer or employee of the United States, in violation of 18 U.S.C. § 912. On January 29, 1998, the district court sentenced Gonzalez to serve three concurrent terms of twenty-seven months in prison and, thereafter, to continue his sentence by serving three concurrent terms of twelve months supervised release.

Gonzalez was released from prison on November 19, 1999, and began his concurrent terms of supervised release. On April 21, 2000, the U.S. Probation Office filed a superseding[1] Petition for Warrant for Offender Under Supervision, alleging another violation of 18 U.S.C. § 912, together with charges of assault and leaving the Southern District of Texas without permission.

On May 22, 2000, the district court held a hearing on the superseding petition. At the hearing, Gonzalez stood silent to each allegation, but pleaded true to the charge of leaving the jurisdiction without permission. Following the testimony of one witness and the submission of affidavits from other witnesses, the district court concluded that the allegations in the petition were true, revoked Gonzalez's three terms of supervised release, and sentenced Gonzalez to three consecutive twelve-month terms of imprisonment.

---

[1] The original petition was filed on March 31, 2000.

Gonzalez timely appealed, challenging the propriety of the consecutive sentences, together with the district court's alleged failures to consider certain sentencing factors and to state in open court its reasoning for the sentences.

## II. STANDARD OF REVIEW

This court "will uphold a sentence unless it (1) was imposed in violation of law, (2) resulted from an incorrect application of the guidelines, (3) was outside the guideline range and is unreasonable, or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." United States v. Pena, 125 F.3d 285, 286 (5th Cir. 1997) (internal quotations omitted) (quoting United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996)); see also United States v. Deavours, 219 F.3d 400, 402 (5th Cir. 2000). Because there are no applicable guidelines for sentencing after revocation of supervised release, see U.S. SENTENCING GUIDELINES MANUAL ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only."), this court will uphold a sentence unless it is in violation of the law or plainly unreasonable. See United States v. Stiefel, 207 F.3d 256, 259 (5th Cir. 2000); Pena, 125 F.3d at 287. In making this determination, the court reviews de novo the district court's interpretation of the sentencing statutes. See United States v.

<u>Teran</u>, 98 F.3d 831, 835 (5th Cir. 1996); <u>United States v.</u> <u>Mathena</u>, 23 F.3d 87, 89 (5th Cir. 1994).

### III. THE IMPOSITION OF CONSECUTIVE SENTENCES UPON REVOCATION OF CONCURRENT TERMS OF SUPERVISED RELEASE

Gonzalez contends that the district court's revocation of his terms of supervised release and its imposition of three consecutive terms of imprisonment resulted in a sentence that violates the law and is plainly unreasonable. Relying upon language in <u>United States v. Bachynsky</u>, 934 F.2d 1349, 1353 (5th Cir. 1991) (en banc), <u>overruling on other grounds recognized by</u> <u>United States v. Watch</u>, 7 F.3d 422 (5th Cir. 1993), that "prison terms following revocation of supervised release are served concurrently," Gonzalez asserts that the consecutive sentences should be vacated.

Gonzalez also argues that the relevant statutes, 18 U.S.C. §§ 3624(e)[2] and 3583(e)(3),[3] should be interpreted to preclude

---

[2] Section 3624(e), entitled "Supervision after release," states in relevant part:

> A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.

4

consecutive prison sentences after revocation of concurrent terms of supervised release.  The Government responds that, under 18 U.S.C. § 3584(a),[4] the district court had the authority and the discretion to impose consecutive sentences upon the revocation of Gonzalez's concurrent terms of supervised release.  We agree.

---

18 U.S.C. § 3624(e) (2000).

[3]     Section 3583(e)(3), entitled "Modification of conditions or revocation," provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(4), and (a)(6)—
> . . . .
> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case[.]

18 U.S.C. § 3583(e)(3) (2000).

[4]     Section 3584(a), dealing with multiple sentences of imprisonment, provides in relevant part:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively[.]

18 U.S.C. § 3584(a) (2000).

5

Addressing first Gonzalez's reliance upon the language contained within Bachynsky, we note that the court's statement that "prison terms following revocation of supervised release are served concurrently" was not dispositive language in that case.[5] See 934 F.2d at 1253. Indeed, the Bachynsky decision did not concern the revocation of terms of supervised release. Instead, the court in that case was posing a hypothetical to demonstrate that the district court's failure to admonish the defendant regarding the effect of a term of supervised release did not affect the defendant's substantial rights. The court concluded that the district court's failure was harmless because, "assum[ing] arguendo" the "'worst case' hypothesis," Bachynsky's sentence would still be less than the statutory maximum, and therefore, Bachynsky's substantial rights were not affected. See id. Accordingly, while the language in Bachynsky may be considered persuasive authority, it does not control our resolution of the issue on appeal. See Ayoub v. INS, 222 F.3d 214, 215 (5th Cir. 2000) ("Dictum can be persuasive authority."); Soc'y of Separationists, Inc. v. Herman, 939 F.2d 1207, 1211 (5th Cir. 1991) ("Dicta, however, is persuasive authority only, and is not binding."). Instead, we join the Courts of Appeals for the Fourth, Eighth, Ninth, Tenth, and Eleventh Circuits and conclude that the district court was well within its authority under

---

[5] Gonzalez's counsel conceded this point at oral argument, referring to the language as "dicta with teeth."

§ 3584 to impose consecutive sentences upon its revocation of Gonzalez's concurrent terms of supervised release.  See United States v. Rose, 185 F.3d 1108, 1110 (10th Cir. 1999); United States v. Jackson, 176 F.3d 1175, 1178 (9th Cir. 1999); United States v. Johnson, 138 F.3d 115, 118 (4th Cir. 1998); United States v. Quinones, 136 F.3d 1293, 1294-95 (11th Cir. 1998); United States v. Cotroneo, 89 F.3d 510, 513 (8th Cir.), cert. denied, 519 U.S. 1018 (1996).

Regarding Gonzalez's statutory arguments, he contends that because § 3624(e)[6] requires that multiple terms of supervised release run concurrently, the prison sentences imposed upon revocation of those supervised release terms should also run concurrently.  We note, however, that there is no case law or statutory support for Gonzalez's assertion that the wording of § 3624(e) requires terms of imprisonment following revocation of concurrent terms of supervised release to run concurrently.  By its terms, § 3624(e) deals solely with the imposition of supervised release, not the imposition of sentences following its revocation.  See 18 U.S.C. § 3624(e) (providing that a term of supervised release "commences on the day the person is released from imprisonment" and is to run concurrently with any other term of supervised release); see also Johnson, 138 F.3d at 118; Cotroneo, 89 F.3d at 513.  Therefore, the district court was

---

[6]   Refer to supra note 2.

7

correct in relying upon § 3584 to determine whether the resulting multiple terms of imprisonment were to be served concurrently or consecutively.  See id. § 3584(a); see also Jackson, 176 F.3d at 1178; Johnson, 138 F.3d at 118 (determining that § 3584 controls the imposition of multiple sentences following revocation of terms of supervised release); Quinones, 136 F.3d at 1294-95; Cotroneo, 89 F.3d at 512 ("The decision to impose a consecutive or concurrent sentence upon revocation of supervised release is committed to the sound discretion of the district court.").

Next, Gonzalez argues that the district court's power to alter the concurrent nature of simultaneously imposed supervised release terms is "[s]ignificantly missing" from the list of the court's powers in § 3583(e)(3)[7] and that the same subsection narrows the district court's discretion in sentencing supervised release terms.  We disagree.  First, we conclude that the district court "acted within the confines of . . . § 3583(e)(3) [by] revok[ing Gonzalez]'s term of supervised release." Quinones, 136 F.3d at 1295.  Furthermore, Gonzalez was originally convicted of three class E felonies and was initially sentenced to multiple terms of supervised release.  As noted, however, Gonzalez argues that the limiting language contained within subsection (e)(3), that "a defendant may not be required to serve . . . more than one year in any other case[, e.g., a class E

---

[7]    Refer to supra note 3.

8

felony,]" 18 U.S.C. § 3583(e)(3), means that the district court could sentence him to a maximum of only one year. We believe that § 3583(e)(3) does not limit to only one year Gonzalez's total time of imprisonment upon revocation of multiple terms of supervised release. See Jackson, 176 F.3d at 1177-78 (rejecting the defendant's argument that the language in § 3583(e) limits the amount of time that a defendant may spend in prison following a revocation of supervised release). Instead, "a close reading of the statute" reveals that the limiting language "refers to [the district court's discretion upon revocation of a term of supervised release] to go beyond the original supervised release term, capping the term of incarceration to the class of felony originally committed." Id. at 1178. Accordingly, because Gonzalez had three such terms of supervised release, the district court was within its authority to "revoke [the three terms] and sentence [Gonzalez] to a term of imprisonment for each violation." Quinones, 136 F.3d at 1295; see also Cotroneo, 89 F.3d at 513 (interpreting § 3583(e)(3) and stating that "the District Court acted properly . . . in sentencing Cotroneo to two years of imprisonment for the credit card fraud conviction and two years of imprisonment for the escape conviction"). The district court was correct in then turning to § 3584(a) to determine whether those terms of imprisonment should be served concurrently or consecutively. See Rose, 185 F.3d at 1110;

9

<u>Jackson</u>, 176 F.3d at 1178; <u>Johnson</u>, 138 F.3d at 119; <u>Quinones</u>, 136 F.3d at 1295; <u>Cotroneo</u>, 89 F.3d at 513.

Gonzalez contends, however, that § 3584(a) does not apply to sentences of imprisonment following revocation of terms of supervised release. We conclude that § 3584(a) is not limited to only those terms of imprisonment imposed after the initial guilt/innocence phase of the proceeding. <u>See</u> 18 U.S.C. § 3584(a); <u>see also</u> <u>Johnson</u>, 138 F.3d at 118; <u>Quinones</u>, 136 F.3d at 1294 (concluding that § 3584(a) "does not exclude from its operation the imposition of imprisonment terms following the revocation of terms of supervised release"); <u>Cotroneo</u>, 89 F.3d at 513. Instead, the section explicitly addresses the imposition of concurrent or consecutive sentences in the situation of multiple sentences of imprisonment (such as those that result after the revocation of multiple terms of supervised release), and there is no indication that § 3584(a) should not apply to sentencing following the revocation of multiple terms of supervised release. <u>See</u> 18 U.S.C. §§ 3584(a), 3583(e)(3), 3624(e); <u>see also</u> <u>Quinones</u>, 136 F.3d at 1294-95.

Gonzalez also asserts that § 3584(a) is inapplicable because supervised release is not a "sentence of imprisonment"; rather, it is a form of "post-imprisonment supervision." To the contrary, supervised release, while a form of post-imprisonment supervision, is still considered to be a component of the defendant's total sentence. <u>See</u> 18 U.S.C. § 3583(a) (2000)

10

(providing that "[t]he court, in imposing a sentence . . . , may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment" (emphasis added)); id. § 3624(e) (referring to "[a] prisoner whose sentence includes a term of supervised release after imprisonment" (emphasis added)); United States v. Benbrook, 119 F.3d 338, 341 n.10 (5th Cir. 1997) ("A period of supervised release is a part of the defendant's sentence."). Also, Gonzalez's contention is inapposite because once a term of supervised release is revoked, the district court is then dealing with a "term of imprisonment," thus triggering § 3584(a). Finally, simply as a matter of statutory construction, 18 U.S.C. § 3551(b)(3), which provides for general sentencing provisions, vests the court with authority to impose "a term of imprisonment as authorized by subchapter D." Id. (emphasis added). Subchapter D encompasses § 3581 to § 3584, which include § 3583, concerning revocation of a term of supervised release. As such, the provisions regarding terms of imprisonment include the provision regarding revocation of supervised release and should be read together in pari materia.

Lastly, Gonzalez argues that § 3583(e)(3) is ambiguous, asking this court to apply the rule of lenity in favor of concurrent terms. As Gonzalez concedes, the rule of lenity applies only when a statute is ambiguous. See United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir.), cert. denied, 121

11

S. Ct. 434 (2000); United States v. Cyprian, 197 F.3d 736, 739-40 (5th Cir. 1999), cert. denied, 121 S. Ct. 65 (2000). Moreover, the rule of lenity is a narrow rule that "applies only when 'a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute.'" Zavala-Sustaita, 214 F.3d at 608 n.11; see also United States v. Marek, 238 F.3d 310, 322 (5th Cir. 2001). Based upon the preceding analysis, we conclude that the meaning of § 3583(e)(3) is unambiguous. As such, the rule of lenity is inapplicable in this case.[8]

In sum, after canvassing our sister circuits' analyses of the propriety of consecutive sentences upon revocation of concurrent terms of supervised release, and after our own independent review of the statutory sections relevant to this inquiry, we conclude that the district court was within its authority to impose consecutive terms of imprisonment following the revocation of Gonzalez's three concurrent terms of supervised release.

---

[8] We also reject Gonzalez's contention that the policy statements in chapter seven of the Sentencing Guidelines should be read to preclude consecutive sentencing. "These policy statements . . . say nothing about concurrence or consecutiveness." Quinones, 136 F.3d at 1295. Thus, "[t]his silence leaves intact the district court's statutory discretion." Id.

12

## IV. CONSIDERATION OF THE 18 U.S.C. § 3553(a) SENTENCING FACTORS AND THE DISTRICT COURT'S REASONS BEHIND ITS IMPOSITION OF CONSECUTIVE PRISON TERMS

Gonzalez argues alternatively that in exercising its discretion under 18 U.S.C. § 3584(a), the district court was required to consider the factors contained in 18 U.S.C. § 3553(a).[9] See 18 U.S.C. §§ 3583(e), 3584(b). Furthermore,

_____

[9] Pursuant to § 3583(e), when imposing a sentence upon revocation of supervised release, the district court is to turn to the factors of § 3553(a), which provides in relevant part:

(a) Factors to be considered in imposing a sentence.—
. . . . The court, in determining the particular sentence to be imposed, shall consider—
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—

. . . .
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . . .
(4) the kinds of sentence and the sentencing range established for—

. . . .
(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . .
(5) any pertinent policy statement issued by the Sentencing Commission . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

13

Gonzalez asserts that the district court did not state in open court its reasons for imposing the consecutive sentences, in violation of 18 U.S.C. § 3553(c).

After finding that a defendant has violated a condition of supervised release, the district court must consider the factors contained in 18 U.S.C. § 3553(a) in determining the sentence to be imposed.  See United States v. Teran, 98 F.3d 831, 836 (5th Cir. 1996); see also United States v. Pena, 125 F.3d 285, 286 (5th Cir. 1997).  "Implicit consideration of the § 3553 factors is sufficient."  Teran, 98 F.3d at 836; see also United States v. Izaquirre-Losoya, 219 F.3d 437, 440 (5th Cir. 2000), cert. denied, 121 S. Ct. 827 (2001).  In United States v. Izaquirre-Losoya, the district court failed to make a statement on the record from which consideration of the § 3553(a) factors could have been inferred; still, the court concluded that "[a]bsent a contrary indication in the record, such evidence [that the district court considered the Presentence Report and arguments of defense counsel] implies that the district court was aware of and considered the § 3553(a) factors."  219 F.3d at 440.  "This approach is based on the presumption that district courts know the applicable law and apply it correctly [and also] on the belief that 'Congress never intended . . . for sentencing to become a hyper-technical exercise devoid of common sense.'"  Id.

---

18 U.S.C. § 3553(a) (2000); see also 18 U.S.C. § 3583(e).

14

(second alteration in original) (footnote omitted) (quoting United States v. Johnson, 138 F.3d 115, 119 (4th Cir. 1998)).

After our review of the sentencing transcript, we conclude that the district court implicitly considered the § 3553(a) factors in sentencing Gonzalez.  At the hearing, the district court observed that Gonzalez "doesn't do well on supervised release" and that it did not "see much point in putting Probation out to keep track of the next run of offenses."  Moreover, because the district court wished to impose the maximum sentence upon the revocation of Gonzalez's supervised release terms, it and both parties' counsel went to considerable lengths to determine whether consecutive terms were proper.  Furthermore, we note that the district court judge presiding over Gonzalez's sentencing after revocation of supervised release was the same judge who imposed the initial sentence.  At the initial sentencing hearing, the district court explicitly considered Gonzalez's history, the need to protect the public, and the need for deterrence.  In conclusion, after our review of the record, we find no "contrary indication" that would lead us to believe that the district court did not apply the applicable law correctly, such to render Gonzalez's sentence plainly unreasonable.  See Izaquirre-Losoya, 219 F.3d at 440; United States v. Stiefel, 207 F.3d 256, 259 (5th Cir. 2000); Pena, 125 F.3d at 287.

Regarding the district court's failure to state the reasons for Gonzalez's sentence in open court, Gonzalez admits that he did not object at the time of sentencing, perhaps because the court's reasons were perfectly clear to all present. However, we review this claimed error for plain error only. See Izaguirre-Losoya, 219 F.3d at 441.[10] Gonzalez argues that the district court's failure to state its reasoning on the record impaired his substantial rights, and therefore, he asserts that his sentence must be vacated.

18 U.S.C. § 3553(c) requires that "[t]he court, at the time of sentencing, . . . state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). In Izaguirre-Losoya, this court concluded that, even assuming under the plain error standard that the district court's failure to state its reasoning in open court was an error that was clear or obvious, the defendant had not shown that his substantial rights

---

[10] Under the plain error standard,

> we may correct forfeited errors only if (1) there is an error, (2) that is clear or obvious, and (3) that affects [the defendant's] substantial rights. Even if those factors are met, however, correction of the error is discretionary and this court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Izaguirre- Losoya, 219 F.3d at 441 (internal quotations and footnotes omitted) (alteration in original) (quoting United States v. Ferguson, 211 F.3d 878, 886 (5th Cir.), cert. denied, 121 S. Ct. 258 (2000)).

had been affected. See 219 F.3d at 441. The Izaquirre-Losoya court explained that because the district court was within its discretion to impose consecutive sentences given the defendant's criminal background and because the parties informed the court of the reasons for and against consecutive sentencing, "the sentence imposed was supported by the record and not contrary to law." Id. Therefore, the court concluded that the defendant's substantial rights were not affected. See id. at 442; cf. United States v. Zanghi, 209 F.3d 1201, 1204 (10th Cir. 2000) (concluding, under an abuse of discretion standard, that the court need not make particularized findings on each factor).

Gonzalez has failed to demonstrate that any alleged error on the part of the district court affected his substantial rights. As our discussion in Part III supra indicates, the district court was not required to impose a concurrent sentence and was within its discretion to impose consecutive sentences. The district court and the parties extensively discussed the propriety of imposing consecutive sentences. The record demonstrates that substantial effort went into ensuring that Gonzalez's sentence was appropriate, considering his criminal history and the district court's belief that Gonzalez would repeat the offense. Moreover, as we noted above, the same district court judge presided over the revocation hearing and the original sentencing hearing and was well aware of Gonzalez's criminal background.

17

Accordingly, even assuming that there was error and it was plain, we conclude that the total sentence imposed did not affect Gonzalez's substantial rights because Gonzalez's sentence is supported by the record and is not contrary to law. Furthermore, any alleged failure by the district court does not rise to the level of "seriously affect[ing] the fairness, integrity, or public reputation of judicial proceedings." Izaquirre-Losoya, 219 F.3d at 441.

## V. CONCLUSION

For the foregoing reasons, we AFFIRM the consecutive terms of imprisonment imposed by the district court after its revocation of Gonzalez's concurrent terms of supervised release.