IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21146
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ARTHUR RAY LEVERTON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-CR-87-ALL
--------------------
August 30, 2001

Before JOLLY, BARKSDALE, AND DEMOSS, Circuit Judges:

PER CURIAM:[*]

Arthur Ray Leverton appeals the sentence imposed by the district court following the revocation of his term of supervised release. Leverton argues that his sentence exceeds the statutory maximum sentence allowed.

A sentence imposed after the revocation of a term of supervised release will be upheld unless it is in violation of the law or is plainly unreasonable. United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001). Leverton was originally convicted of being a felon in possession of a firearm and for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

making false statements in the acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) & (g)(1).  Under 18 U.S.C. § 924(a)(2), these offenses carry a maximum prison term of ten years, making them class C felonies.  See 18 U.S.C. § 3559(a)(3).

A district court may revoke a term of supervised release and require a defendant to return to prison.  18 U.S.C. § 3583(e)(3).  However, where the offense that resulted in the term of supervised release is a class C felony, the defendant may not be required to serve more than two years in prison.  Id.  The district court may also impose a term of supervised release to be served after imprisonment, but only when the term of imprisonment is less than the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3).  18 U.S.C. § 3583(h).

Here, the district court sentenced Leverton to a two-year term of imprisonment to be followed by a two-year term of supervised release.  Because Leverton was sentenced to the maximum term of imprisonment under 18 U.S.C. § 3583(e)(3), the district court was prohibited by 18 U.S.C. § 3583(h) from imposing a subsequent term of supervised release.  Accordingly, Leverton's sentence is vacated and the case is remanded to the district court for resentencing.

VACATED AND REMANDED FOR RESENTENCING.