United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-30191
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YAHYA RASHIN ELAMIN, also known as Yahya
Abdul Lateef,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-385-B
--------------------

Before BARKSDALE, EMILO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Yahya Rashin Elamin appeals the sentence imposed by the district court following the revocation of his supervised release. Elamin argues that the district court's 36-month sentence was plainly unreasonable because he was in custody "virtually the entire time that he was faulted for not reporting."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The policy statements applicable to revocation of supervised release are advisory only; therefore, this court will uphold a sentence following revocation of supervised release unless it is "in violation of law or is plainly unreasonable." United States v. Mathena, 23 F.3d 87, 93-94 (5th Cir. 1994). In determining the sentence to be imposed, a district court must consider the factors contained in 18 U.S.C. § 3553(a). United States v. Gonzalez, 250 F.3d 923, 929 & n.9 (5th Cir. 2001). We reject Elamin's assertion that his failure to report is the only relevant consideration in reviewing the district court's sentence because a review of the entire record suggests that the district court did not limit itself to the failure to report in determining Elamin's sentence.

It was not unreasonable for the district court to reject Elamin's excuses for failing to report. In addition, the record before this court indicates that Elamin continued to engage in criminal conduct during the brief periods he was not in custody. The district court considered such, as well as the other relevant factors listed in 18 U.S.C. § 3553(a), noting Elamin's extensive criminal history and expressing doubts as to whether Elamin would benefit from supervision. Because the sentence imposed in this case was not plainly unreasonable, the judgment of the district court is AFFIRMED.