**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 5, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**No. 05-40726**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**ELEE CAMPOS CAMARGO,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(7:99-CR-470-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Elee Campos Camargo appeals from his jury-trial conviction for one count of conspiracy to possess with intent to distribute 89.4 kilograms of marijuana. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. Camargo claims the court erred, pursuant to ***United States v. Booker***, 543 U.S. 220 (2005). This claim is not moot because he is serving a term of supervised release. *See* ***United States v. Gonzalez***, 250 F.3d 923, 928 (5th Cir. 2001) ("[S]upervised release,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

while a form of post-imprisonment supervision, is still considered to be a component of the defendant's total sentence".).

Camargo claims his constitutional rights were violated when the district court assessed a two-level firearm increase, pursuant to Sentencing Guideline § 2D1.1(b)(1), based on judicially-determined facts. His Presentence Investigation Report and sentencing objections sufficiently apprised the court he was making a Sixth Amendment objection to being sentenced based on facts not found by a jury. *United States v. Akpan*, 407 F.3d 360, 376 (5th Cir. 2005); *see United States v. Olis*, 429 F.3d 540, 544 (5th Cir. 2005). The increase violated Camargo's Sixth Amendment right to a trial by jury, and the Government has not met its burden of demonstrating the error was harmless beyond a reasonable doubt. *See United States v. Pineiro*, 410 F.3d 282, 285-86 (5th Cir. 2005).

*CONVICTION AFFIRMED; VACATED AND REMANDED FOR RESENTENCING*