United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO GUZMAN RODRIGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:01-CR-1315-ALL
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roberto Guzman Rodriguez was sentenced to an 18-month term of imprisonment following the revocation of a term of supervised release imposed as part of a 2001 sentence for possession of marijuana with intent to distribute. Rodriguez argues on appeal that his sentence constitutes plain error because it was based on an incorrect calculation of the advisory Sentencing Guidelines and further argues that the district court plainly erred by not specifically addressing the 18 U.S.C. § 3553(a) factors during the sentencing hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To establish reversible plain error, Rodriguez must identify a clear or obvious error that affected his substantial rights. United States v. Olano, 507 U.S. 725, 731-37 (1993). Even if Rodriguez establishes these factors, we retain the discretion whether to correct the error and will generally do so only if the error "affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Castillo, 386 F.3d 632, 636 (5th Cir.), cert. denied, 543 U.S. 1029 (2004).

Although it is undisputed that Rodriguez's sentence is the result of a misapplication of the Sentencing Guidelines, he has failed to show that the error affected his substantial rights. Rodriguez's revocation sentence was within the three-year statutory maximum sentence authorized upon revocation. See 18 U.S.C. § 3583(e)(3); 21 U.S.C. § 841(b)(1)(B)(vii).

The district court determined that Rodriguez testified falsely at the sentencing hearing and that his self-serving testimony constituted perjury and obstruction of justice. It is implicit from the court's comments at the sentencing hearing that the court considered the § 3553(a) factors in arriving at an appropriate sentence. § 3553(a); see United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001). Rodriguez has therefore failed to demonstrate that his revocation sentence constitutes reversible plain error. Moreover, because the 24-month sentence is within the statutory maximum, it was not unreasonable. United States v. Boykin, No. 05-50704, 2006 WL 616031 at *1 (5th Cir.),

cert. denied, 127 S. Ct. 153 (U.S. Oct. 02, 2006) (unpublished).

AFFIRMED.