United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10786
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MICHAEL DOUGLAS JACKSON

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-46-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Douglas Jackson appeals the sentence imposed following the revocation of his supervised release. He contends that after United States v. Booker, 543 U.S. 220 (2005), sentences imposed upon revocation of supervised release are reviewed under the reasonableness standard. Further, he argues that the sentence was unreasonable because it substantially exceeded the recommended range and the district court's reasons for imposing the sentence were insufficient.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of <u>Booker</u> because Jackson has not shown that his sentence was either unreasonable or plainly unreasonable. <u>See</u> <u>United States v. Hinson</u>, 429 F.3d 114, 120 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1804 (2006).  The district court sentenced Jackson to concurrent terms of 36 months of imprisonment on Counts Two and Three and a consecutive term of 24 months of imprisonment on Count One, for a total of 60 months of imprisonment.  Jackson's sentence, while in excess of the recommended guidelines range, was within the statutory maximum sentence that the district court could have imposed.  <u>See</u> 18 U.S.C. §§ 371, 1344, 3559(a)(2) & (4), and 3583(e)(3); <u>United States v. Gonzalez</u>, 250 F.3d 923, 925-29 (5th Cir. 2001); U.S.S.G. § 7B1.4(a).  Further, a review of the record reflects that the district court considered the nature and circumstances of the violations, Jackson's history and characteristics, the need to deter Jackson from further criminal conduct, and the need to protect the public from any further crimes by Jackson.  The sentence was neither unreasonable nor plainly unreasonable.  Accordingly, the district court's judgment is AFFIRMED.