# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-20472
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROBERTO CANTU, also known as Robert Cantu

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CR-26-1

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Cantu appeals the 18-month sentence imposed upon revocation of his term of supervised release. He argues that the sentence is procedurally unreasonable because the district court relied on the contents of an undisclosed mental health report in determining the sentence, in violation of his due process rights and his rights under FED. R. CRIM. P. 32.1(b)(2)(B). He further argues that the sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cantu did not properly preserve his argument regarding the use of the mental health report below. See United States v. Hernandez-Martinez, 485 F.3d 270, 272 & n.1 (5th Cir.), cert. denied, 128 S. Ct. 325 (2007). Accordingly, we review for plain error. Id. at 273. Cantu has not shown that his substantial rights were affected by the district court's reliance on the mental health report. The sentencing transcript reveals that the district court intended to sentence Cantu to a term of incarceration even before the court reviewed the report. Nothing in the record indicates whether the length of Cantu's sentence was affected by the district court's reliance on the report. Accordingly, there is no plain error. See id.

The record reflects that the district court implicitly considered the sentencing factors set forth at 18 U.S.C. § 3553(a). See United States v. Gonzalez, 250 F.3d 923, 930 (5th Cir. 2001). The district court determined that an 18-month sentence was appropriate given Cantu's need for intensive, in-patient drug treatment. The sentence, although twice the advisory guidelines range, is neither unreasonable nor plainly unreasonable. See United States v. McKinney, ___ F.3d ___, 2008 WL 615447, *2 (5th Cir. Mar. 7, 2008). Accordingly, the judgment is affirmed.

AFFIRMED.