IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-60646
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FREDDIE LEON SIMMONS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:94-CR-30-4

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Freddie Leon Simmons appeals the sixty-month sentence imposed following the revocation of his supervised release for a prior conviction for possession of crack cocaine with intent to distribute. Simmons argues that the district court failed properly to weigh the factors set forth in 18 U.S.C. § 3553(a), rendering his sentence unreasonable, and failed adequately to explain its decision to depart from the advisory guideline range of three to nine months up to the statutory maximum sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This Court has held that once a defendant is found to have violated a condition of supervised release, the district court must consider the Section 3553(a) factors as part of its determination of the proper sentence. United States v. Gonzalez, 250 F.3d 923, 929 (5th Cir. 2001). It is not necessary for the factors to be mentioned explicitly on the record, and evidence of implicit consideration will suffice. Id. at 930. We find some implicit reference to the factors on this record. For example, after Simmons and his counsel both tried to characterize his almost three-year failure to report to his probation officer as relatively insignificant, the trial court expressed concern about the length of time Simmons had failed to comply with his reporting obligation. Because there is no contrary indication in the record, we are satisfied that the court implicitly considered several of the Section 3553(a) factors. Id.

The substantive reasonableness of this sentence and not just the regularity of the procedures by which it was imposed is challenged. The proper measure of reasonableness for a sentence entered after revocation of supervised release has not been reevaluated since the epochal decision in United States v. Booker, 543 U.S. 220 (2005). However, we conclude that Simmons has not shown that his sentence violated either of the possible standards of being unreasonable or plainly unreasonable, or being imposed as a result of procedural error. See Gall v. United States, 128 S. Ct. 586, 596-97 (2007); United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005); Gonzalez, 250 F.3d at 925-29.

Accordingly, the judgment of the district court is AFFIRMED.