**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-60385
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RODERICK E HALL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:06-CR-107-1

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roderick E. Hall appeals the sentences he received upon the revocation of two terms of supervised release that he received after he was convicted of conspiring to distribute crack cocaine and conspiring to use and carry firearms during and in relation to a drug trafficking crime. Hall argues that the district court erred in finding that he sold a controlled substance in violation of the mandatory condition of his supervised release. Because a preponderance of the evidence demonstrates that Hall sold crack cocaine to a confidential informant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and, therefore, violated a mandatory condition of his supervised release, the district court did not abuse its discretion in revoking the terms of supervised release. *United States v. Hinson*, 429 F.3d 114, 119 (5th Cir. 2005); *United States v. Grandlund*, 71 F.3d 507, 509 (5th Cir. 1995); 18 U.S.C. § 3583(e)(3).

Hall also argues that the district court erred by sentencing him to what he asserts were consecutive maximum sentences. This court has declined to resolve which standard of review applies to revocation sentences following *United States v. Booker*, 543 U.S. 220 (2005), and we decline to do so now as Hall's sentences pass muster under the more exacting *Booker* unreasonableness standard. *See United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008).

The Supreme Court has stated that its "explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." *Gall v. United States*, 128 S. Ct. 586, 594 (2007). This court reviews sentences for reasonableness by engaging in a bifurcated review. *See id.* at 597; *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The court must first ensure that the sentencing court committed no significant procedural error. *Gall*, 128 S. Ct. at 597. If the district court's sentencing decision is procedurally sound, the appellate court should then consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.; see also Cisneros-Gutierrez*, 517 F.3d at 764.

Hall's argument that the district court committed procedural error by failing to offer sufficient explanation for its sentence is not supported by the record. The court noted that Hall had repeatedly tested positive for cocaine and commented that it was disturbed by his failure to benefit from drug treatment on two prior occasions. Nor can Hall show that the sentences were substantively unreasonable; the sentences were within the statutory maximum limits, and the district court was authorized to impose consecutive terms of imprisonment. *See*

*United States v. Mathena*, 23 F.3d 87, 94 (5th Cir. 1994); *see also United States v. Gonzalez*, 250 F.3d 923, 929 (5th Cir. 2001); 18 U.S.C. § 3584(a).

Last, Hall's challenge to the district court's imposition of a term of supervised release on the firearms account via the instant appeal is unavailing. *See Hinson*, 429 F.3d at 116.

AFFIRMED.