# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2009

Charles R. Fulbruge III
Clerk

No. 09-50218
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO CALDERON-GARCIA, also known as Efren Chavez Quiroz,

Defendant-Appellant

Consolidated with 09-50230

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO CALDERON-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 3:07-CR-800-1, 3:08-CR-2834-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Gustavo Calderon-Garcia pleaded guilty to attempting to reenter the United States unlawfully after removal, in violation of 8 U.S.C. § 1326. The district court sentenced him to 21 months of imprisonment for that offense. Calderon-Garcia also pleaded true to an allegation that he violated his supervised release term imposed in connection with a previous illegal reentry conviction. The district court revoked his supervised release and sentenced him to a 14-month term of imprisonment, to run consecutively to the 21-month term.

Calderon-Garcia asserts that imposing his revocation sentence to run consecutively to his sentence for his attempted illegal-reentry offense resulted in an unreasonable sentence. He argues that his 14-month consecutive sentence was greater than necessary to achieve the goals of sentencing set out in 18 U.S.C. § 3553. He contends that a lesser sentence would have been sufficient punishment and would have more accurately reflected the significance of his violation of the court's trust, notifying that he had already been punished at the top of the guideline range for his reentry offense. He argues that because the sentence was greater than necessary, it was unreasonable and should be vacated because the sentence overstates the seriousness of his violation. He also argues that the sentence failed to reflect his personal circumstances regarding his desire to be with his family and his sick son.

Calderon-Garcia did not object to the unreasonableness of the imposition of a consecutive sentence in the district court, so we review the district court's actions for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). To show plain error, the appellant must show an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record shows that the district court considered the advisory guidelines ranges for each sentence. Although the district court did not explicitly state that it was considering the § 3553 factors, the sentencing transcript reflects that the district court considered Calderon-Garcia's extensive criminal history and the fact that prior lenient sentences had not deterred him. The record also indicates that the district court considered Calderon-Garcia's history and characteristics and the need for the sentence to act as a deterrent, as set forth in 18 U.S.C. § 3553(a)(2)(B). The foregoing analysis confirms that the district court considered the factors set forth in § 3553(a) when exercising its discretion to impose consecutive sentences. *See 18 U.S.C.* § 3584(a) and (b); *United States v. Gonzalez*, 250 F.3d 923, 929-30 (5th Cir. 2001). The district court's decision to impose consecutive sentences accords with the recommendation set forth in the Guidelines. *See* U.S.S.G. § 7B1.3(f) (p.s.); § 7B1.3 comt. n.4. The district court did not plainly err.

AFFIRMED.