# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 15, 2010

No. 09-31051
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NATHANIAL MOSLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:99-CR-329-17

Before  JONES, Chief Judge, and DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Nathanial Mosley appeals the sentence imposed following the revocation of his supervised release.  He contends that the 30-month sentence, imposed to run consecutively to the previously imposed state sentence, was plainly unreasonable because it was three times greater than the top of the 4 to 10-month range recommended by the Sentencing Guidelines, the state court had ordered that the state sentence run concurrently with the anticipated federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence, and his mere constructive possession of the firearm in question should have been considered a mitigating factor at sentencing.

Because Mosley did not object to the reasonableness of his revocation sentence in the district court, review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Mosley must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The district court sentenced Mosley to 30 months of imprisonment on Count 1, to run consecutively to the previously imposed state sentence. The district court also imposed an additional supervised release term of 30 months. This sentence, while in excess of the range indicated by the Sentencing Guidelines' non-binding policy statements, was within the statutory maximum term of imprisonment that the district court could have imposed. *See* 18 U.S.C. §§ 3559(a)(1), 3583(e)(3); 21 U.S.C. §§ 841(b)(1)(A)(iii), 846; U.S.S.G. § 7B1.4(a). Further, the district court's decision to run the revocation sentence consecutively to the previously imposed state sentence was authorized by statute and preferred under the Sentencing Guidelines. *See* 18 U.S.C. § 3584(a); § 7B1.3(f) & comment. (n.4); *United States v. Gonzalez*, 250 F.3d 923, 927-28 (5th Cir. 2001). The district court considered the 18 U.S.C. § 3553(a) factors and the non-binding policy statements and concluded that a consecutive 30-month sentence was appropriate. Therefore, Mosley's sentence was neither unreasonable nor plainly unreasonable, and he has not shown error, plain or otherwise. *See Whitelaw*, 580 F.3d at 265.

Accordingly, the district court's judgment is AFFIRMED.