# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2010

No. 10-40247
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISMAEL R. GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-120-1

Before HIGGINBOTHAM, SMITH and HAYNES Circuit Judges.

PER CURIAM:[*]

Ismael R. Garza appeals from the district court's imposition of two consecutive terms of imprisonment following the revocation of his terms of supervised release. The district court imposed eight-month terms of imprisonment on each revoked count, to be served consecutively, followed by four months of supervised release. The eight-month sentences were within the eight-to fourteen-month guidelines range and were below the twelve-month statutory maximum.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40247

Garza argues that the district court reversibly erred by interpreting the Guidelines policy statements as recommending that the guidelines range be applied cumulatively to each term of supervised release revoked. Relying largely on U.S.S.G. § 5G1.2, he argues that, like the Guidelines applicable at initial sentencing, the revocation policy statements should be interpreted as requiring one guidelines range applicable globally to all revoked terms of supervised release and as allowing consecutive sentences only as necessary to achieve the total punishment recommended by the guidelines range.

The record does not support Garza's underlying premise, that the district court believed that the policy statements recommended that the guidelines range be applied cumulatively to each term of supervised release revoked. The district court had authority under 18 U.S.C. § 3584(a) to impose consecutive sentences of imprisonment in its revocation of Garza's concurrent terms of supervised release. *United States v. Gonzalez*, 250 F.3d 923, 925-29 (5th Cir. 2001). Additionally, we have rejected the argument that the policy statements in Chapter 7 of the Guidelines should be read to preclude the imposition of consecutive sentences. *Id.* at 929 n.8.

The judgment of the district court is AFFIRMED, and Garza's motion to expedite the appeal is DENIED.