# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 2, 2012

Lyle W. Cayce
Clerk

No. 11-50576
c/w 11-50582
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GINA MARIE SHORTER,

Defendant-Appellant

_____

Cons w/ NO. 11-50582

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GINA M. SHORTER,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:09-CR-143-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gina Marie Shorter appeals the 45-month sentence that the district court imposed after revoking two concurrent terms of supervised release. Shorter's consecutive 21-month and 24-month sentences were greater than those recommended by the advisory Sentencing Guidelines but not greater than the statutory maximum sentences. Shorter admitted violating conditions of her supervised release by smoking marijuana and by failing, for more than two years, to inform the probation officer about her romantic relationship with a convicted felon, Anthony Marquez.

We review the sentence only to determine whether it is plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *cert. denied*, 132 S. Ct 496 (2011). We first look for procedural error, and if we find none we consider "the substantive reasonableness of the sentence under an abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted). "The fact that [we] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court has discretion to impose any sentence within the statutory maximum term of imprisonment. *United States v. McKinney*, 520 F.3d 425, 427-28 (5th Cir. 2008). Where the Guidelines are silent the court may impose the sentences consecutively. *United States v. Gonzalez*, 250 F.3d 923, 929 & n.8 (5th Cir. 2001).

Shorter contends that the district court erred by finding that she called Marquez over 200 times after being directed not to do so. "[S]electing a sentence based on clearly erroneous facts" is a procedural error. *Gall*, 552 U.S. at 51. However, the district court did not commit a procedural error because the court did not purport to speak in precise terms concerning the number of calls but only

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to indicate that Shorter was noncompliant with the probation officer's direction. There is no suggestion that the court would have found any significant difference between 200 calls and 100 calls, or 50, or even one, when none were allowed.

More significantly, the court did not select the sentence based on the calls. Rather, the court cited Shorter's chronic history of concealment and untruthfulness whenever she has been on supervised release. The court noted, among other things, that Shorter "files false reports, and she doesn't tell the truth to the probation officer and never has." The sentence was thus based on Shorter's breach of trust and was not, as suggested by Shorter, punishment for falling in love with the wrong man. The court's rationale for the sentence was fully consistent with the primary goal of a sentence on revocation, which is to sanction the violator for breaching the trust implicit in supervised release. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment. ¶ 3(b); *Miller*, 634 F.3d at 843.

Shorter's arguments about the 18 U.S.C. § 3553(a) factors simply invite us to reweigh those factors, which is contrary to abuse-of-discretion review. *See Gall*, 552 U.S. at 51. The sentence was not plainly unreasonable, and the judgment of the district court is AFFIRMED.