# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 5, 2013

Lyle W. Cayce
Clerk

No. 12-51084
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JORGE ANTONIO HERNANDEZ-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-3263-1

Before JONES, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Antonio Hernandez-Hernandez contends his 24-month, consecutive sentence upon revocation of supervised release is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). In 2011, Hernandez received a sentence of time served and two years of supervised release, following his guilty-plea conviction for escape. During his supervised-release period, however, Hernandez was arrested for the new crime of "Illegal Barter/Expend Invest in Marijuana Over 50 Pounds". He pleaded

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guilty ultimately to conspiracy to possess a controlled substance with intent to distribute. Subsequently, the district court found he had violated six conditions of his supervised release, revoked it, and sentenced him to 24 months in prison, to be served consecutively to the 108 months imposed for the new drug-conspiracy conviction.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); United States v. Villegas, 404 F.3d 355, 359 (5th Circ. 2005).

Hernandez does not claim procedural error. Instead, he maintains only that the challenged sentence was substantively unreasonable.

The district court may impose a sentence that falls within the maximum term of imprisonment allowed by statute for the revocation sentence. *See* 18 U.S.C. § 3583(e)(3). Hernandez's 24-month sentence, which is within both the statutory maximum prison term and the Sentencing Commission's policy-statement sentencing range, is substantively reasonable. *See United States v. McKinney*, 520 F.3d 425, 427-28 (5th Cir. 2008); 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4, p.s.

In addition, the district court had the discretion to impose a consecutive sentence. *See United States v. Gonzalez*, 250 F.3d 923, 929-30 (5th Cir. 2001). The court considered the relevant sentencing factors contained in 18 U.S.C. § 3553(a) when exercising its discretion to impose consecutive sentences. *See* 18 U.S.C. § 3584(a) and (b); *Gonzalez*, 250 F.3d at 929-30. The decision to impose the sentence consecutively also accords with the recommendations set forth in

the Guidelines "Revocation of Probation and Supervised Release" policy statement and commentary. *See* U.S.S.G. § 7B1.3(f), p.s.; *see also* § 7B1.3, p.s., comment. (n.4).    Furthermore, the sentence imposed is supported by Hernandez's lengthy criminal history and his violation of the terms of his supervised release after being sentenced for his underlying escape conviction. *See Gonzalez*, 250 F.3d at 931.

AFFIRMED.