# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2020

Lyle W. Cayce
Clerk

No. 19-30420
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JASON CARTER,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-159-1

Before JONES, CLEMENT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Jason Carter pleaded guilty to possessing with the intent to distribute methamphetamine and possessing a firearm after a felony conviction; he was sentenced to concurrent terms of one year and one day of imprisonment and concurrent terms of three years of supervised release. The district court revoked Carter's terms of supervised release and sentenced him to 10 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of imprisonment on each count, to be served consecutively, for a total of 20 months of imprisonment.

On appeal, Carter argues that (1) the district court considered an impermissible factor, the need to promote respect for the law, when determining the revocation sentence; and (2) the district court improperly stacked the 4- to 10-month guidelines policy range based on multiple violations of the same grade. Because Carter did not raise these issues in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *see Puckett v. United States*, 556 U.S. 129, 135 (2009).

A review of the record indicates that the district court did not improperly consider the 18 U.S.C. § 3553(a)(2)(A) factors when imposing Carter's revocation sentence, much less treat them as a dominant reason for the sentence. *See United States v. Rivera*, 784 F.3d 1012, 1016-17 (5th Cir. 2015). Moreover, the district court considered permissible factors, including Carter's history and characteristics, the need for deterrence, and Carter's breach of the court's trust. *See* 18 U.S.C. § 3583(e); § 3553(a)(1), (a)(2)(B); U.S.S.G. Ch.7, Pt.A, intro. comment.; *see also United States v. Sanchez*, 900 F.3d 678, 684-85 (5th Cir. 2018).

Carter also has not shown error with respect to his "stacking" argument. At base, this argument is an attack on the district court's imposition of consecutive within-range terms of imprisonment. We have specifically held that a district court is within its authority to impose consecutive terms of imprisonment following the revocation of concurrent terms of supervised release. *United States v. Gonzalez*, 250 F.3d 923, 928-29 (5th Cir. 2001) (addressing § 3583(e) and 18 U.S.C. § 3584(a)); *see also id.* at 929 n.8 (addressing the policy statements in U.S.S.G. Ch.7).

AFFIRMED.