# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 18, 2020

Lyle W. Cayce
Clerk

No. 20-50036

CONSOLIDATED WITH

No. 20-50037

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCOS TULIO CHOC-USELO,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-2132-1
USDC No. 2:18-CR-2613-1

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Marcos Tulio Choc-Uselo pleaded guilty to illegal reentry, and the district court sentenced him to an above-Guidelines prison term of 30 months

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50036
c/w No. 50037

and also imposed a three-year term of supervised release. Choc-Uselo was on supervised release at the time of his illegal reentry offense, and the district court revoked his supervised release and sentenced him to a consecutive term of six months of imprisonment.

Choc-Uselo makes two arguments on appeal:

First, he contends that the district court imposed a substantively unreasonable prison sentence because it failed to balance the circumstances underlying his criminal history with the nature of the instant offense. He contends that his criminal history is attributable to his arrival in the United States as a juvenile without adult supervision.

At sentencing, Choc-Uselo explained the nature of his juvenile criminal history, emphasizing the lack of adult supervision when he entered the United States. However, the district court emphasized the seriousness of the instant illegal reentry offense and, citing 18 U.S.C. § 3553(a) sentencing factors, such as the need to promote respect for the law and Choc-Uselo's personal characteristics, found the Guidelines range (10–16 months) to be inadequate. The district court noted that Choc-Uselo committed the illegal reentry while on supervised release after serving a 24-month sentence for a previous illegal reentry offense. The court determined that for purposes of respect for the law and deterrence, a sentence between 10–16 months was inappropriate.

Choc-Uselo has not shown that the district court, when imposing sentence, failed to consider a significant factor, considered an improper factor, or made a clear error of judgment in balancing the relevant factors. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). His mere disagreement with the sentence imposed does not warrant reversal. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). Therefore, Choc-Uselo has not shown that the district court abused its discretion by imposing

2

a substantively unreasonable variance. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Diehl*, 775 F.3d at 724.

Second, Choc-Uselo argues that the district court abused its discretion when it ordered his revocation sentence to run consecutively to his illegal reentry sentence. He contends that the district court failed to consider the § 3553(a) sentencing factors in its decision, specifically whether consecutive sentences resulted in a sentence greater than necessary to achieve the goals of § 3553(a).

The district court noted its consideration of the Chapter Seven policy statements when it imposed its sentence. Although it did not explicitly mention its consideration of the § 3553(a) factors, it implicitly considered them by referring to the Sentencing Reform Act of 1984. *See United States v. Mares*, 402 F.3d 511, 517 (5th Cir. 2005). Moreover, only moments before the revocation sentencing, the same judge had engaged in a more extensive sentencing proceeding with the same parties, and therefore, having just presided over a full sentencing proceeding for his new offense, the district court was well aware of how the § 3553(a) factors related to Choc-Uselo. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. Ch. 7, Pt. B, intro. comment; *United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). Accordingly, Choc-Uselo has not demonstrated that the district court erred by failing to consider the § 3553(a) sentencing factors when imposing consecutive sentences. *See Gonzales*, 250 F.3d at 927–28.

AFFIRMED.