IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

No. 07-50062
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PEDRO ANTHONY RUIZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:02-CR-573-ALL

Before REAVLEY, BARKSDALE, and SMITH, Circuit Judges.

PER CURIAM:[*]

Pedro Anthony Ruiz appeals the consecutive sentences imposed upon revocation of his supervised release terms, following his convictions for possession of a firearm by a convicted felon and by a person with a misdemeanor domestic-violence conviction. He claims: the district court erred by imposing consecutive sentences that totaled 28 months' imprisonment; and the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court did not properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Before United States v. Booker, 543 U.S. 220 (2005), a sentence imposed upon revocation of supervised release was reviewed to determine whether it violated the law or was plainly unreasonable. United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001). Since Booker, our court has not decided whether the same standard applies or if a revocation sentence is reviewed only for "unreasonableness" vel non. United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 547 U.S. 1083 (2006). As in Hinson, we need not choose one of these standards of review because Ruiz' sentences are proper under either. See id.

The 14-month terms of imprisonment imposed upon revocation of supervised release did not exceed the statutory maximum terms of imprisonment the district court could have imposed. See 18 U.S.C. § 3583(e)(3). Moreover, the 14-month sentences were within the guidelines range recommended by Sentencing Guidelines § 7B1.4(a). The district court had the authority and discretion to impose consecutive sentences upon revocation of Ruiz's concurrent terms of supervised release. See Gonzalez, 250 F.3d at 925-29.

The district court stated the ends of justice and the best interests of the public would not be served if Ruiz remained on supervised release. And, because

the sentences imposed upon revocation of supervised release were within the applicable advisory guidelines range, we infer that the district court considered all of the § 3553(a) factors.  See United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).  Accordingly, the district court did not abuse its discretion in evaluating the relevant factors regarding Ruiz' sentences.

AFFIRMED.