# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 2, 2007

Charles R. Fulbruge III
Clerk

No. 06-50686
Summary Calendar

United States of America

Plaintiff-Appellee

v.

Alvis Colin Smith

Defendant-Appellant

Appeal from the United States United States District Court,
Western District of Texas, Waco Division
W-02-CR-074(01)

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alvis Colin Smith appeals the consecutive sentences imposed upon revocation of his supervised release. The release followed his convictions for making false and misleading statements, securities fraud (count one) and bank fraud (count two). Smith argues that the district court (1) abused its discretion by revoking his supervised release when the Government had not shown a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release violation by a preponderance of the evidence; (2) erred by imposing consecutive sentences; and (3) erred by not properly considering the sentencing factors set forth in 18 U.S.C. § 3553(a). We affirm.

In its petition for revocation, the Government alleged Smith violated two conditions of supervised release. At the revocation hearing, Smith pleaded true to violation number two, which included that he violated 18 U.S.C. § 1001 by making material false statements to the probation officer. Smith does not challenge on appeal the district court's revocation of supervised release on the ground alleged by the Government in violation two.[1] Therefore, Smith has not shown that the district court abused its discretion in revoking his supervised release because the district court was required to revoke his supervised release for either violation.[2] See United States v. McCormick, 54 F.3d 214, 219 & 219 n.3 (5th Cir. 1995) (upholding the district court's revocation of the defendant's supervised release without reference to the other grounds of error asserted when appellant did not challenge the district court's conclusion that he violated a particular condition of release and an adequate basis for the revocation existed).

The district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence. 18 U.S.C. § 3583(a). But the district court is also directed to consider the factors enumerated in 18 U.S.C. § 3553(a) and the non-binding

---

[1] Smith only challenges that the Government did not prove violation one, that he committed mail and wire fraud, by a preponderance of the evidence.

[2] See U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or Grade B violation, the court shall revoke probation or supervised release."); Both of Smith's violations were "Grade B" violations because they were offenses punishable by a term of imprisonment exceeding one year. U.S.S.G. § 7B1.1; see also 18 U.S.C. § 1001 (material false statements); 18 U.S.C. §§ 1341, 1343 (mail and wire fraud). Even if making material false statements was a Grade C violation, as Smith argues, the district court was within its discretion to revoke supervised release. U.S.S.G. § 7B1.3(a)(2).

policy statements found in Chapter Seven of the Sentencing Guidelines. United States v. Mathena, 23 F.3d 87, 90 (5th Cir. 1994).

In the event of revocation of supervised release, Smith was subject to a statutory maximum two-year sentence for count one, a Class C felony,[3] and a maximum three-year sentence for count two,[4] a Class B felony.[5] Under the advisory guidelines, a four-to-ten-month sentence is recommended for Grade B violations of the terms of supervised release.[6] See U.S.S.G. § 7B1.4(a). The district court imposed a two-year sentence for count one and a three-year sentence for count two, to be served consecutively. Smith argues the district court never stated its reasons for departing from the guidelines and imposing the statutory-maximum sentences.[7] No advisory guidelines range was set forth in the petition to revoke, and the sentencing guidelines were not addressed by the district court or the parties at the revocation hearing or in the order of

---

[3] See 15 U.S.C. §§ 78j(b) & 78ff; 18 U.S.C. § 3559(a)(3) (stating that an offense for which the maximum prison term is less than 25 years but ten or more years is a Class C felony).

[4] See 18 U.S.C. § 3583(e)(3).

[5] See 18 U.S.C. § 1344; 18 U.S.C. § 3559(a)(2) (stating that an offense for which maximum prison term is 25 years or more is a Class B felony).

[6] Recommended sentence durations in the advisory guidelines for violations of the terms of supervised release are based on the severity of the violation, not the severity of the original offense. This sentence duration is for those defendants, such as Smith, whose criminal-history score is I.

[7] See 18 U.S.C. § 3553(c) (requiring courts to state their reasons for departing from the guidelines).

revocation.[8]  Therefore, we review for plain error.  United States v. Jones, 484 F.3d 783, 791-92 (5th Cir. 2007).[9]

A district court's failure to consider the Sentencing Commission's policy statements applicable to violations of supervised release when it revoked defendant's supervised release and imposed a sentence outside the guidelines range, but within the statutory range, is not plain error.  See United States v. Montez, 952 F.2d 854, 860 (5th Cir. 1992).  Here, the district court imposed the statutory-maximum sentences allowed by 18 U.S.C. § 3583(e).  Thus, Smith cannot demonstrate reversible plain error regarding the reasonableness of his consecutive two- and three-year sentences.  See Jones, 484 F.3d at 792.  Furthermore, the district court has the discretionary authority to impose consecutive sentences upon revocation of a supervised release.  United States v. Gonzalez, 250 F.3d 923, 926 (5th Cir. 2001); see also 18 U.S.C. § 3584(a).

Accordingly, the district court's judgment is AFFIRMED.

---

[8] The district court did find that the "ends of justice and the best interests of the public and of the defendant will not be served by continuing said defendant upon supervised release."

[9] In Jones, this court acknowledged a split among the circuits as to whether revocation sentences are reviewed under the "plainly unreasonable" standard or the post-Booker reasonableness standard, but declined to decide which applied, instead reviewing for plain error when the defendant made no objection to his revocation sentence in the district court.