# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-50507
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL LORENZO LEZAMA-LANDEROS

Defendant-Appellant

Consolidated with
No. 07-50515

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAUL LORENZO LANDEROS

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2714-2
USDC No. 3:06-CR-2236-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Raul Lorenzo Lezama-Landeros appeals the sentence imposed following his guilty-plea conviction of being found in the United States without permission, following removal. He also appeals the sentence imposed following the revocation of his supervised release for a 2006 misprison of a felony offense.

Lezama-Landeros contends that the 110-month sentence imposed by the district court for his illegal reentry offense, which included an upward departure pursuant to U.S.S.G. § 4A1.3, p.s., is unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a). He argues that the district court, in imposing his sentence, overstated the seriousness of his offense because it failed to consider the circumstances surrounding his illegal reentry. He also argues that the district court relied on unsubstantiated speculation that his telephone conversations with a jailed friend signified his continued involvement in criminal activity. Lezama-Landeros's arguments do not demonstrate that the sentence was imposed as a result of procedural error or is unreasonable. See Gall v. United States, 128 S. Ct. 586, 596 (2007); United States v. Zuniga-Peralta, 442 F.3d 345, 347 (5th Cir. ), cert. denied, 126 S. Ct. 2954 (2006).

Lezama-Landeros contends that the sentence imposed by the district court for the revocation of his supervised release is unreasonable to the extent it was ordered to run partially consecutive to the sentence imposed for his illegal reentry offense. He argues that the 110-month sentence imposed for his illegal reentry was unreasonable and that the grounds underlying that sentence unduly influenced the district court's decision to impose a partially consecutive

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

revocation sentence. This court has not yet determined in the wake of United States v. Booker, 543 U.S. 220 (2005), the proper standard of review to be applied to sentences imposed upon the revocation of supervised release. However, Lezama-Landeros has not shown that his revocation sentence was imposed as a result of procedural error, is unreasonable, or is plainly unreasonable. See Gall, 128 S. Ct. at 596; United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005); United States v. Gonzalez, 250 F.3d 923, 925-29 (5th Cir. 2001).

AFFIRMED.