**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40725
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARGARITO BENITEZ-SALAZAR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-419-4

Before JONES, Chief Judge, and JOLLY and ELROD, Circuit Judges.

PER CURIAM:[*]

Margarito Benitez-Salazar (Benitez) appeals the four-month sentence imposed following the revocation of a previously imposed term of supervised release. He argues that by imposing this sentence to run consecutively to a separate term of imprisonment, the district court imposed a sentence greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Benitez did not object on this basis below, we review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008); *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To establish plain error, Benitez must show (1) that there was error, (2) that the error was clear or obvious, and (3) that the error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993). Even if Benitez establishes those factors, we will not exercise our discretion to correct the forfeited error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 736.

The district court had the authority, after consideration of the § 3553(a) factors, to order Benitez's revocation sentence to run consecutively to the sentence imposed for his illegal reentry offense. *See* 18 U.S.C. § 3584(a), (b); *see also United States v. Gonzalez*, 250 F.3d 923, 925-29 (5th Cir. 2001). The policy statements in the Sentencing Guidelines also recommend the imposition of consecutive sentences. *See* U.S. Sentencing Guidelines Manual § 7B1.3(f), p.s. In addition, the district court gave reasons for its sentence consistent with the § 3553(a) factors. We conclude that Benitez has failed to establish any error, plain or otherwise.

The judgment of the district court is AFFIRMED.