# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 2, 2010

No. 10-50340
c/w No. 10-50350
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE DELGADO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-231-1
USDC No. 3:09-CR-584-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jorge Delgado appeals the 18-month sentence he received following the revocation of his supervised release. Delgado argues that the revocation sentence was unreasonable because the district court ordered that 9 months of this sentence run consecutively to a 30-month sentence imposed for a separate illegal reentry conviction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50340
c/w No. 10-50350

We have yet to determine whether sentences imposed upon revocation of supervised release are to be reviewed under the "unreasonableness" standard of *United States v. Booker*, 540 U.S. 220 (2005). Prior to *Booker*, we applied a "plainly unreasonable" standard. *See United States v. Hinson*, 429 F.3d 114, 119–20 (5th Cir. 2005). However, we need not decide the correct standard today because Delgado's sentence is appropriate under any standard. *See id.* at 120.

"The district court has the discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences." *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). The district court's decision to run the revocation sentence partially consecutive to the sentence on the underlying charge was authorized by statute and is preferred under the guidelines policy statements. *See* 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f) & comment. (n.4.). Additionally, the sentencing transcript reflects that the district court at least implicitly considered the 18 U.S.C. § 3553(a) factors and when imposing Delgado's revocation sentence. *See United States v. Gonzales,* 250 F.3d 923, 930 (5th Cir. 2001).

AFFIRMED.