# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2011

No. 10-50281
c/w No. 10-50282
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE RAMOS-OCHOA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-139-1

Before HIGGINBOTHAM, GARZA, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Ramos-Ochoa (Ramos) appeals the 12-month sentence he received following the revocation of his supervised release. Ramos argues that the revocation sentence was unreasonable because the district court ordered it to run consecutively to sentences imposed for convictions of attempted illegal reentry and making a false claim of citizenship.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50281
c/w No. 10-50282

We have yet to determine whether sentences imposed upon revocation of supervised release are to be reviewed under the "unreasonableness" standard of *United States v. Booker*, 543 U.S. 220 (2005).  Prior to *Booker*, we applied a "plainly unreasonable" standard.  *See United States v. Hinson*, 429 F.3d 114, 119-20 (5th Cir. 2005).  However, we need not decide the correct standard today because Ramos's revocation sentence is appropriate under either standard.  *See id.* at 120.

"The district court has the discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences."  *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).  The district court's decision to run the revocation sentence consecutive to the sentences on the underlying charges was authorized by statute and is preferred under the sentencing guidelines policy statements.  *See* 18 U.S.C. § 3584; U.S. Sentencing Guidelines Manual § 7B1.3(f) & comment. (n.4). Additionally, the sentencing transcript reflects that the district court at least implicitly considered the 18 U.S.C. § 3553(a) factors when imposing Ramos's revocation sentence. *See United States v. Gonzales,* 250 F.3d 923, 930 (5th Cir. 2001).  Accordingly, the judgment of the district court is AFFIRMED.