# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2011

No. 10-60612
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD BUCKMAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CR-120-1

Before DEMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Richard Buckman appeals the sentence imposed following the revocation of his supervised release subsequent to his convictions for two counts of willfully failing to file federal income tax returns. The district court revoked both terms of Buckman's supervised release, and it sentenced Buckman to 10 months of imprisonment on each revocation, the sentences to be served consecutively for a total sentence of 20 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Buckman argues that the sentence was substantively unreasonable. He asserts that while the sentence for each revoked term of supervised release was within the advisory guidelines range, the district court's ordering that the sentences run consecutively made his sentence a 20-month sentence that was effectively twice as high as the top of the guidelines range. He maintains that the sentence was unreasonable because it was two and a half times greater than the sentence for his original convictions and his original offenses were more serious than his supervised release violations. He contends that his sentence was greater than necessary to satisfy the goals of 18 U.S.C. § 3553(a) because he did not abscond, because he communicated well with his probation officer, because it was not necessary to provide for adequate deterrence, because it was not necessary to protect the public, and because it did not account for the need he had for educational or vocational training. Buckman concludes "that the district court committed reversible error by misapplying the § 3553(a) factors."

For the first time in his reply brief, Buckman argues that the explanation for the sentence given at the revocation hearing was insufficient and that the explanation for the sentence provided in the written judgment was insufficient. As these arguments were not raised in Buckman's initial brief, we do not consider them. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

We review revocation sentences under "(a) both the 'plainly unreasonable' and the *Booker* unreasonableness standards of review or (b) the more exacting *Booker* unreasonableness standard." *United States v. McKinney*, 520 F.3d 425, 428 (5th Cir. 2008). However, because Buckman did not object to the sentence as unreasonable in the district court, we review the sentence for plain error only. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Buckman must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error

but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

On revocation of supervised release, the district court may impose any sentence that falls within the statutory maximum term authorized. *McKinney*, 520 F.3d at 427. While the 20-month total sentence exceeded the advisory guidelines range, the total sentence was within the statutory maximum, the sentence on each revoked term of supervised release was within the guidelines range, and the district court had the authority to order that the sentences run consecutively. *See United States v. Gonzalez*, 250 F.3d 923, 927-29 (5th Cir. 2001). Although Buckman maintains that his original offenses were more serious than his supervised release violations, his original convictions were for misdemeanor offenses while his supervised release violations included conduct constituting a felony offense. *See* 18 U.S.C. § 1001; 26 U.S.C. § 7203. The district court explained that it sentenced Buckman to 20 months of imprisonment based upon the § 3553(a) factors to promote respect for the law, to provide deterrence, and to protect the community because Buckman intentionally violated the terms of his supervised release by failing to perform community service and pay restitution, by leaving the judicial district after being denied permission to travel by his probation officer, and by purposefully signing false monthly reports. By arguing that the sentence was greater than necessary and that the district court misapplied the § 3553(a) factors, Buckman is essentially requesting that we reweigh the § 3553(a) factors, which we may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Revocation sentences exceeding the guideline range but not exceeding the statutory maximum have been upheld as a matter of routine against challenges that the sentences were substantively unreasonable. *See United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). As the sentence did not exceed the statutory maximum, it did not constitute plain error. *See id.*

AFFIRMED.