# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-40195
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO JORGE DELEON-FUENTES, also known as Jesus Humberto DeLeon

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CR-541-ALL

Before HIGGINBOTHAM, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sergio Jorge DeLeon-Fuentes appeals the 18-month term of imprisonment imposed following the revocation of his supervised release. He contends in light of *United States v. Booker*, 543 U.S. 220 (2005), that this court must review his sentence for reasonableness using the bifurcated approach set forth in *Gall v. United States,* 128 S. Ct. 586, 594 (2007). DeLeon-Fuentes argues that his sentence is unreasonable because the district court procedurally erred when it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to respond to two of the arguments he raised in mitigation of his sentence.

This court will review DeLeon-Fuentes's argument, raised for the first time on appeal, for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008); *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To establish plain error, DeLeon-Fuentes must show (1) that there was error, (2) that the error was clear or obvious, and (3) that the error affected his substantial rights. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993). If these factors are established, the decision to correct the forfeited error is within this court's sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 735-36.

The record reflects that the district court complied with 18 U.S.C. § 3583(e) by implicitly considering the relevant 18 U.S.C. § 3553(a) factors in imposing DeLeon-Fuentes's revocation sentence. *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). Moreover, to the extent that § 3553(c) may require a district court to state in open court its reasons for imposing a revocation sentence, the district court's statements were legally sufficient. The district court's references to DeLeon-Fuentes's recidivism and his role in the revocation offense provided sufficient explanation for the rejection of DeLeon-Fuentes's arguments in favor of a more lenient revocation sentence. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007). The district court's statements indicated a reasoned basis for exercising its legal decision making authority. *Id.*

The 18-month term of imprisonment imposed in DeLeon-Fuentes's case fell within the 24-month statutory maximum term of imprisonment that the district court could have imposed upon revocation of his supervised release. *See* 18 U.S.C. § 3559(a)(3); § 3583(e)(3); 8 U.S.C. § 1326(a), (b)(2). The sentence also fell within the range recommended by the policy statements in Chapter Seven of the Sentencing Guidelines. *See* U.S.S.G. §§ 7B1.3(f), p.s., 7B1.4(a), p.s. DeLeon-

Fuentes's appellate argument fails to establish that his sentence was unreasonable or plainly unreasonable. DeLeon-Fuentes cannot establish plain error. *See Olano*, 507 U.S. at 735-36.

The judgment of the district court is AFFIRMED.