**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2011

No. 11-30338

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT LEE JONES,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:02-CR-174-1

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Robert Lee Jones appeals his 24-month term of imprisonment imposed following the revocation of his supervised release. Jones argues that the sentence of imprisonment is excessive for a non-violent offender who suffers from Stage IV Hodgkin's lymphoma. Finding no error, we affirm

I.

Jones pled guilty in 2002 to social security fraud, bank fraud, and access device fraud, in violation of 18 U.S.C. §§ 1028(a)(7), 1344, and 1029(a)(2),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30338

respectively. On each count, the district court sentenced Jones to eighty-seven months of imprisonment and three years of supervised release, with the sentence for each count to be served concurrently.[1]

Jones began his term of supervised release on August 20, 2010. On September 30, his probation officer petitioned the district court to issue a violator's warrant for his failure to report to the Probation Office for the Eastern District of Louisiana within 72 hours of release from imprisonment. Jones's whereabouts remained unknown until personnel of the Gwinnett County, Georgia Sheriff's Office arrested and charged him with forgery and two counts of credit card fraud on December 21. Jones pled guilty to those charges on February 15, 2011. He was sentenced to thirty days of imprisonment and four years and eleven months of probation as to the forgery charge, and three years probation as to the credit card fraud charges, with the sentence for each count to be served concurrently. On March 16, 2011, the Government moved to revoke Jones's supervised release, charging him with violating the conditions of his supervised release by failing to report within 72 hours of release from imprisonment and by committing the Georgia offenses.

The district court held a revocation hearing on March 29. The court informed Jones that his calculated advisory guideline range under the United States Sentencing Guidelines ("Sentencing Guidelines") was eighteen to twenty-four months of imprisonment on each count of conviction,[2] and that the statutory

---

[1] The district court also ordered Jones to pay restitution to several financial institutions in the amount of $154,054.19, to make complete disclosure of his personal and business finances and submit to an audit of his financial records, to refrain from incurring new credit charges or opening additional lines of credit without approval from the probation office, and to participate in an orientation and life skills program as directed by the probation office.

[2] Under the advisory policy statements in Chapter 7 of the Sentencing Guidelines, Jones's violations were Grade B violations. *See* U.S.S.G. § 7B1.1(a)(2). Because Jones's criminal history category was V, his advisory guideline range was eighteen to twenty-four months of imprisonment on each count of conviction. *See* U.S.S.G. § 7B1.4(a).

No. 11-30338

maximum terms of imprisonment under 18 U.S.C. § 3583(e)(3) were two years as to the social security fraud and access device fraud charges and three years as to the bank fraud charge. The district court further informed Jones that it could reimpose supervised release of up to thirty-six months as to the social security fraud and access device fraud charges and up to sixty months as to the bank fraud charge, less any term of imprisonment imposed on each count. *See* 18 U.S.C. § 3583(h).

Jones stipulated to the allegations at the hearing. He explained the reasons for his failure to report and the circumstances underlying his recent Georgia convictions. During his allocution, he confirmed that he suffered from numerous health problems, including Stage IV Hodgkin's lymphoma, and that he did not expect to live through completion of his sentence. He requested only that the court impose a sentence it felt was appropriate, order the last six months to be served on home confinement, designate that he serve his imprisonment at the federal medical center in Lexington, Kentucky, and order his immediate designation to the Bureau of Prisons so he could restart treatment for his medical conditions.

The district court revoked Jones's supervised release. On each count, it imposed a 24-month term of imprisonment, with the sentence for each count to be served concurrently. It also imposed a 1-year term of supervised release as to the social security fraud and access device fraud charges, and a 3-year term of supervised release as to the bank fraud charge, all to be served concurrently. The court reasoned that the sentence was appropriate because Jones had "a long history of these financial fraud-type convictions," and he was "no stranger to federal procedures and reporting requirements." His failure to report, in the district court's view, was "obvious and inexcusable," though for mitigation purposes, it accounted for the fact that Jones had sent a letter to a then-retired Probation Officer requesting an extension to report. The court also explained

No. 11-30338

that his health was a factor it had considered, as it did for every defendant. Although it declined to impose consecutive revocation sentences, the district court imposed the maximum advisory guideline sentence because of Jones's "inexcusable" "continuation and pattern of behavior." Jones timely appealed.

## II.

Jones concedes that because he did not raise an objection to the 24-month term of imprisonment in the district court, plain error review applies.[3] Had Jones properly preserved his objection, we would review to determine whether the sentence was plainly unreasonable. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011), *petition for cert. filed*, No. 10-10784 (May 27, 2011). Because Jones did not object, however, we review under a more deferential standard for plain error. *United States v. Davis*, 602 F.3d 643, 646–47 (5th Cir. 2010); *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To meet this standard of review, Jones must first show (1) a forfeited error, (2) that is clear or obvious, and (3) that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 129 S.Ct. 1423, 1429 (2009). If Jones makes all of these showings, then we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

## III.

After revoking a defendant's supervised release, a district court may impose any sentence that falls within the statutory maximum term allowed for the revocation sentence, but it must consider the factors enumerated in 18 U.S.C. § 3553(a) and the policy statements in Chapter 7 of the Sentencing Guidelines before doing so. 18 U.S.C. § 3583(e); *Davis*, 602 F.3d at 646; *United States v. McKinney*, 520 F.3d 425, 427–28 (5th Cir. 2008). Jones does not suggest that the district court erred, procedurally or otherwise, in fashioning the

---

[3] At the revocation hearing, Jones objected only to the district court's reimposition of supervised release under 18 U.S.C. § 3583(h).

4

No. 11-30338

24-month term of imprisonment. Instead, he argues that the sentence is too long for a non-violent offender who has Stage IV Hodgkin's lymphoma. He also distinguishes the scale of his recent Georgia fraud convictions from those underlying his 2002 federal convictions.

Here, the district court imposed a sentence on each count that was not only within the statutory maximum term of imprisonment, but also within the advisory guideline range of eighteen to twenty-four months. In *McKinney*, this court upheld, under the less stringent "unreasonable" and "plainly unreasonable" standards of review, a revocation sentence that was within the advisory guideline range and the statutory maximum term of imprisonment. *McKinney*, 520 F.3d at 432; *see also United States v. DeLeon-Fuentes*, 310 F. App'x 686, 687 (5th Cir. 2009) (affirming on plain error review revocation sentence that fell within the statutory maximum term of imprisonment and within the range recommended by the Sentencing Guidelines). In the instant case, the district court heard from defense counsel and Jones regarding the seriousness, extent, and required treatment of his medical problems, and expressly announced to Jones that it considered those factors in imposing every sentence. The court, however, expressed its concern regarding Jones's continued pattern of fraudulent behavior and observed that Jones was aware of the federal procedures and reporting requirements. After taking these factors into account, the court declined to impose consecutive revocation sentences – as it had been considering – and instead imposed concurrent sentences on each count within the statutory maximum term of imprisonment and the advisory guideline range. Jones has not shown that the district court committed any error, much less error that is plain. *See Jones*, 484 F.3d at 792. Because Jones has not satisfied even the first prong of plain error review, the district court's judgment must stand. *See Puckett*, 129 S.Ct. at 1429.

AFFIRMED.