**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 13, 2012

Lyle W. Cayce
Clerk

No. 11-50889
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPHINE MARTINEZ, also known as Josie Martinez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-701-1

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Josephine Martinez appeals the 77-month within-guidelines sentence imposed following her guilty plea conviction for importation of marijuana and possession with intent to distribute marijuana. Martinez argues that her sentence is unreasonable and greater than necessary as measured by the factors set forth in 18 U.S.C. § 3553(a). She asserts that the career offender Sentencing Guideline, U.S.S.G. 4B1.1, conflicts with § 3553(a)(1), which requires the sentencing court to consider the particular nature and circumstances of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense and the defendant's personal history and characteristics and that her guidelines range overstated the seriousness of her offense.

The record reflects that the district court made an individualized determination at sentencing based on the facts presented and considered Martinez's arguments supporting a variance. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). The record reflects that the district court implicitly considered the § 3553(a) factors. *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). "[A] sentence within a properly calculated Guideline range is presumptively reasonable." *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Martinez's 77-month sentence, which is at the bottom of the advisory guidelines range, is presumed to be reasonable, and she has not shown sufficient reason for this court to disturb that presumption. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Martinez has not shown error, plain or otherwise, and her "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.