**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2012

No. 11-50745
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER MONTANEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CR-147-1

Before SMITH, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Javier Montanez appeals his 20-month sentence imposed following the district court's revocation of his term of supervised release. He argues that his above-guidelines sentence was plainly unreasonable because it reflected an overstatement of the seriousness of his violations of the conditions of supervised release and failed to take into account his personal circumstances. His further assertion is that the district court should have considered the applicable policy statements and the relevant factors under 18 U.S.C. § 3553(a) factors and should

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

have imposed a guidelines sentence of 4-10 months, which would have satisfied the goals of sentencing.

Montanez did not make an objection to the reasonableness of the sentence after it was imposed. Thus, review of the substantive reasonableness of his sentence is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To show plain error, Montanez must show that the district court committed a clear or obvious error that affects his substantial rights. *Id.* at 260. If he makes that showing, the court will not exercise its discretion to correct the error unless it will seriously affect the "fairness, integrity, or public reputation of judicial proceedings." *Id.*

The record reflects that the district court considered the policy statement and the recommended sentencing guidelines range. Although the district court did not expressly refer to § 3553(a)(1), it was clear that the court implicitly considered the relevant factors in light of its knowledge of Montanez's history and characteristics, having presided over his first revocation proceeding, and its consideration of the testimony and documents introduced during the revocation hearing that reflected the nature and circumstances surrounding Montanez's present violations. *Cf. Whitelaw*, 580 F.3d at 262-65*; United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). The district court also considered Montanez's allocution and the arguments of the parties, including defense counsel's assertions that the nature of Montanez's violations did not warrant his incarceration. Montanez's appellate argument is essentially a request to have this court reweigh the § 3553(a) factors, which this court will not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence imposed falls within the 60-month statutory maximum, and the record reflects that the district court considered the policy statements and the relevant § 3553 factors. Montanez has not demonstrated any error, plain or otherwise, in the district court's judgment. *See Whitelaw*, 580 F.3d at 265. The judgment is AFFIRMED.