**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

————————

No. 13-20038
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES MORALES-GOMEZ, also known as Andres Morales Gomez, also known as Julio C. Conpean, also known as Andres Gomez-Diaz,

Defendant-Appellant

Cons. w/ No. 13-40086

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDRES MORALES-GOMEZ,

Defendant-Appellant

————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-154-1
USDC No. 7:07-CR-651-1

————————————

No. 13-20038
c/w No. 13-40086

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Andres Morales-Gomez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced within the guideline range to 96 months of imprisonment with no term of supervised release.  The district court revoked his supervised release imposed on his previous illegal reentry conviction and sentenced Morales-Gomez to 14 months of imprisonment, with no term of supervised release, to run consecutively to the 96 months.

In connection with the new illegal reentry offense, Morales-Gomez argues that the district court committed plain error at sentencing by failing to consider the positions of the Government and the defense, including the mitigating argument that he re-entered the United States because his life was in danger in Mexico.  In relation to the revocation sentence, he argues that the district court plainly erred by failing to make any findings or to explain the sentence after his statement that he would try to find a place to live in Mexico. Although Morales-Gomez frames his argument in terms of Federal Rules of Criminal Procedure 32 and 32.1 and the right of allocution, he does not argue that he and his counsel were not given the opportunity to allocute in mitigation of punishment.  His argument is that the district court did not consider his mitigating arguments or give reasons for rejecting them.

Because Morales-Gomez failed to object to his sentence, procedurally or substantively, at the sentencing hearing, we review the district court's actions for plain error only.  *Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92, 394 (5th Cir. 2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20038
c/w No. 13-40086

When a court rejects nonfrivolous arguments for a sentence outside the guidelines range, it should give reasons for doing so. *Rita v. United States*, 551 U.S. 338, 358-59 (2007). The record demonstrates that the district court listened to and considered the arguments of counsel and Morales-Gomez for a nonguidelines sentence. The district court concluded that a within-guidelines sentence of 96 months was appropriate, noting Morales-Gomez's extensive criminal history and his disregard of the law, and considering the factors of recidivism, respect for the law, and safety of the public. The court's reasons were significantly more extensive than those given in *Rita*. *See Rita*, 551 U.S. at 358-59. Further, they reflect consideration of appropriate factors, such as protection of the public, the need for deterrence, and Morales-Gomez's history and characteristics. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C). With regard to the revocation sentence, the district court explained that the revocation sentence was "imposed pursuant to the Chapter 7 policy statements and addresses the sentencing objectives of punishment, incapacitation and deterrence in accordance with 18, United States Code, Section 3553(c)." The district court's explanations as to both sentences were sufficient to explain why it rejected Morales-Gomez's mitigating arguments as weighed against the other factors. Morales-Gomez had not demonstrated plain error as to the procedural reasonableness of his sentences. *See Peltier*, 505 F.3d at 391-92, 394.

Morales-Gomez also argues that the district court imposed substantively unreasonable sentences. He contends that in support of a lower sentence, he offered his cooperation by debriefing and a mitigating defense of duress and necessity because his life was in danger in Mexico. He notes that he also indicated that he would try to find a place where he could live in Mexico. He asserts that the district court ignored his duress argument and sentenced him

3

without comment or consideration of the mitigating facts, resulting in a substantively unreasonable sentence.

The district court heard the mitigating arguments of Morales-Gomez and his counsel before imposing a sentence within the advisory guidelines range. The district court considered Morales-Gomez's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Morales-Gomez's extensive criminal history, including three prior immigration offenses. That an appellate court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the within-guidelines sentence imposed by the district court is entitled to a rebuttable presumption of reasonableness. *Rita*, 551 U.S. at 347. Morales-Gomez's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the weighing of those factors. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has not shown plain error. *See Peltier*, 505 F.3d at 391-92.

In relation to his revocation sentence, Morales-Gomez notes that he asked for a variance in the form of a concurrent sentence. A district court has the discretion to order a sentence imposed upon revocation of supervised release to be served consecutively to any other sentence. 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 929 n.8 (5th Cir. 2001). Moreover, consecutive sentences are preferred under the policy statements of the Guidelines. U.S.S.G. § 7B1.3(f) & comment. (n.4). The district court noted this policy statement in its reasons for imposing a consecutive sentence. We have repeatedly upheld revocation sentences imposed to run consecutively to the sentences imposed for the underlying offenses leading to the revocation. *See*

No. 13-20038
c/w No. 13-40086

*United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008).  Morales-Gomez's 14-month consecutive sentence upon revocation of his supervised release is not plainly erroneous.  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Accordingly, Morales-Gomez's sentences are AFFIRMED.