# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAUL CESAR RIOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-450-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Raul Cesar Rios appeals the sentence imposed following the revocation of his term of supervised release. He argues that the district court erred because it did not give reasons for its decision to impose his revocation sentence to run consecutively to the sentence imposed for his new offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-51154

Because Rios did not object to his sentence on this basis, review is for plain error only. *See United States v. Gonzalez*, 250 F.3d 923, 930 (5th Cir. 2001). To establish plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* A defendant who wishes to establish a plain error with respect to his sentence "must prove that the error affected the sentencing outcome." *United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009) (internal quotation marks and citation omitted).

Even if we assume arguendo that the district court committed plain error by not giving reasons for its decision to run the sentences consecutively, Rios still does not prevail, as he has not shown that the error affected his substantial rights. The district court imposed a sentence at the low end of the advisory guidelines range that complied with the relevant policy statement, which states that revocation sentences "shall" run consecutively to any other term of imprisonment. *See* U.S.S.G. 7B1.3(f) & comment. (n.4). There is no indication that an explanation would have resulted in a different sentence. *See Whitelaw*, 580 F.3d at 262-63; *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009). The judgment of the district court is AFFIRMED.