# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 5, 2020

Lyle W. Cayce
Clerk

No. 19-51143
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN JAMES MORIN,

*Defendant—Appellant*.

CONSOLIDATED WITH

No. 19-51145

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUSTIN MORIN,

*Defendant—Appellant*.

No. 19-51143
c/w No. 19-51145

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:07-CR-45-1
USDC No. 7:19-CR-149-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant James Justin Morin appeals the sentences imposed in 2019 on revocation of supervised release and possession of a firearm by a felon. Morin had pleaded guilty to two crimes and had been sentenced to prison and two terms of supervised release.

Morin pleaded guilty to that 2019 firearm possession crime and was sentenced at the top of the guideline range to 78 months in prison. The court also revoked supervised release and sentenced him to concurrent prison terms of 24 months, to run consecutively to the 78-month sentence. The 24-month sentences were above the advisory range but not above the statutory maximum sentences available on revocation.

Morin first contends on appeal that the district court failed to give adequate reasons for the 78-month sentence. The court stated that it had considered the 18 U.S.C. § 3553(a) sentencing factors and found "the guideline range in this case to be fair and reasonable." Nothing more was required. *Rita v. United States*, 551 U.S. 338, 357 (2007). We presume that a sentence within the properly calculated guideline range is reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Morin does not

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-51143
c/w No. 19-51145

rebut that presumption. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

Morin also contends that the 24-month above-guideline sentences on revocation were unreasonable, both individually and in combination with the 78-month sentence. He again asserts that the district court gave inadequate reasons to support its sentence.

Morin is wrong. The district court adequately explained that it had reviewed the policy statements contained in the Sentencing Guidelines and the applicable § 3553(a) factors, and that a sentence above the guideline range was warranted because of, among other things, Morin's continued criminal activity, his repeated noncompliance with conditions of supervision, his history and characteristics, and the need for deterrence. Furthermore, the district court was allowed to impose any sentence within the appropriate statutory maximum term of imprisonment. *See* 18 U.S.C. § 3583(e)(3); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). The district court also had the discretion to impose consecutive sentences on revocation. 18 U.S.C. § 3584(a); *see United States v. Gonzalez*, 250 F.3d 923, 925, 929 (5th Cir. 2001).

Morin fails to show that the sentences or sentencing procedures were unreasonable. The judgments of the district court are AFFIRMED.