# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2020

Lyle W. Cayce
Clerk

No. 19-20635

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS VALDEZ DUARTE,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 19-20637

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS VALDEZ DUARTE, *also known as* JUAN JOSE VALDIVIA,

*Defendant—Appellant*.

No. 19-20635
c/w No. 19-20637

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-562-1

---

Before Graves, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Jesus Valdez Duarte was serving terms of supervised release for two separate cases—one involving felon-in-possession convictions; the other involving possession of heroin while in federal prison. His supervision in both cases was revoked for violations relating to drug use and failure to report. The court sentenced him to 12-month prison terms in each case[1]—within the Guidelines range and well below what the government recommended—and ordered those terms to run consecutive. In these consolidated appeals, Duarte challenges the decision to run the terms consecutive. He contends that the district court erred when it interpreted Application Note 4 to U.S.S.G. § 7B1.3 as recommending consecutive sentences in this situation.

Although Duarte objected to the consecutive nature of his sentences on substantive reasonableness grounds, he did not object on the procedural ground that he raises now. As a result, his claim is reviewed for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To succeed

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] In the firearms case, Duarte had two separate convictions. So he received two concurrent 12-month revocation sentences in that case. The issue on appeal is running those sentences consecutive with the 12-month term imposed in the separate case.

under this standard, Duarte must show a clear or obvious error that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to correct the error and should do so if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation and brackets omitted).

Assuming *arguendo* that there was plain error because Application Note 4 is silent about whether revocation sentences in separate underlying cases should run concurrently or consecutively, Duarte has not met his burden of showing prejudice. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). After the defense objected to the consecutive nature of the sentences on the ground that the violations were "low level," the court recited its reasons for the sentence. First it noted that it considered the relevant statutory factors, especially the "nature and circumstances of the offense and the history and characteristics of the defendant," the need to deter, and the need "to protect the public from further crimes." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C). The court then "add[ed]" that it ordered no further term of supervised release." Next the court explained that Duarte had "just from day one constantly failed to comply with the requirements of supervised release," so it had "determined that this is the appropriate sentence, much less than, of course, [] what the government is recommending." In overruling the objection that it was unreasonable to impose consecutive sentences, the court did not mention Application Note 4 as it had when first announcing the sentence. A belief that the Guidelines recommended consecutive sentences would have been a much more direct way to respond if that was a significant motivation for the sentence. Given the detailed and extensive reasons the court listed to justify the reasonableness of imposing consecutive sentences, something it certainly had the discretion to do, *see United States v. Gonzalez*, 250 F.3d 923, 925-29

No. 19-20635
c/w No. 19-20637

& n.8 (5th Cir. 2001); *see also* 18 U.S.C. § 3584(a), Duarte has not shown a "reasonable probability" that the sentences would have been ordered to run concurrent were it not for the court's earlier mention of Application Note 4. *Molina-Martinez*, 136 S. Ct. at 1343.

The judgment of the district court is AFFIRMED.